Bernard S. Meyer, J.
This proceeding brought pursuant to subdivision 7 of section 267 of the Town Law and CPLR article 78 brings up for review two decisions of the Board of Zoning Appeals of the Town of Oyster Bay granting variances to respondent Deegan. Deegan owns tax Lots 153 and 154, situated on the south side of Lindbergh Street in Locust Valley. Each lot is rectangular in shape, has a 50-foot frontage and is 150 feet in depth, and thus is 7,500 square feet in area. The lots are located in Residence D Zone where an area of 7,000 square feet and a width of 70 feet at the building line are required. Lot 153 is vacant; there is a one-family house on Lot 154. The applications sought a variance to maintain the dwelling on Lot 154 notwithstanding that it did not have a 70-foot width and to erect a one-family dwelling on Lot 153. The board found that on the south side of Lindbergh Street there are 10 dwellings other than Deegan’s, all on 50 by 150 feet plots; on the north side with but three exceptions there are dwellings on 50 by 150 feet plots; that 50-foot width of lot conforms to the existing development of the surrounding area; that the two proposed 50-foot lots exceed in area the 7,000 square feet requirement; that practical difficulty exists in inability to create sufficient width in ail otherwise conforming plot.
With the possible exception of the last finding the record ¡imply supports the findings made. Since the copy of the Zoning Ordinance available to the court contains no prohibition against pot-handle plots and the width requirement is 70 feet at the building line, it would appear possible to create two conforming plots; one, rectangular in shape, 70-foot front by 107 feet in depth and 7,490 square feet in area; the other, a pot handle, 30-foot front by 107 feet in depth joined at the rear end to a plot 43 by 100 feet and 7,510 square feet in area. The board could quite properly conclude, however, that a pot-handle plot was more undesirable than two regularly shaped 50 by 150-foot plots. The court interprets its finding to mean that practical difficulty exists in inability to create sufficient width in an otherwise conforming and regularly shaped plot.
Applying the criteria set forth in Matter of Wachsberger v. Michalis (19 Misc 2d 909, 912, affd. 18 A D 2d 921) the court finds that granting the variances was not arbitrary or unreasonable. While the variation in width is 28%, no change will be produced in the neighborhood by the reduction in width and there will be *294 little (indeed if the court is correct that two residences- could be erected in any event, there will be no) increase in governmental services. Though the difficulty can, apparently, be obviated by creating a pot-handle plot, the board is not obligated to require that undesirable result. The difficulty arises through the superimposition of a 70-foot width requirement upon an area already substantially developed in 50-foot plots. Considering all those factors the board could reasonably conclude that granting the variances was in the interests of justice and of the community.
Petitioners objectants rely upon Matter of Fina Homes v. Young (7 N Y 2d 845); Matter of Chasanoff v. Silberstein (6 N Y 2d 807) and Matter of Ferryman v. Weisser (3 A D 2d 674), each of which upheld a board’s denial of a variance where subdivision would have resulted in a plot substandard in area or in both area and width. Here, however, only a variance of width is involved and the board has granted, the variance. The court cannot overturn that determination unless it is either (1) arbitrary or unreasonable or (2) beyond the power granted to the. board. That it is neither arbitrary nor unreasonable has already been demonstrated. While in Matter of Zeller v. Baldwin, decided herewith, the court has upheld denial by the Hemp-stead Board of Appeals of variances under almost identical circumstances on the ground that grant of the variances would not be consonant with the spirit of the ordinance, comparison of section B-10.2 of the Hempstead Ordinance (which mandates removal of a building from property that has become substandard in either area or width) with section 2 of article XVIII of the Town of Oyster Bay Ordinance, (which concerns area alone) makes clear that grant of the variance in the present case is not beyond the power of the board. The proceeding is, therefore, dismissed. Short-form order signed.