■   In the Matter of FREDERICK E. WILLITS et al., Appellants, v. RAY H. SCHOEPFLIN et al., Constituting the Board of Zoning Appeals of the Town of Oyster Bay, et al., Respondents.— In a proceeding under article 78 of the former Civil Practice Act, to review and to annul a determination of the Board of Zoning Appeals of the Town of Oyster Bay, granting the application of the respondent George Deegan for area variances, the petitioners appeal: (1) from a judgment of the Supreme Court, Nassau County, entered July 9, 1964, which dismissed the proceeding; and (2) from a judgment (described as an order) of said court, entered July 31, 1964 upon reargument, which adhered to its original determination.  Appeal from original judgment dismissed as academic, without costs; that judgment was superseded by the later judgment (or order) made on reargument.  Judgment (order) made on reargument, affirmed, with $10 costs and disbursements.  In our opinion the Zoning Ordinance of the Town of Oyster Bay (art. XVI, § 1, subd. A) gives the Board of Appeals discretionary power to grant an area variance on the ground of practical difficulty " so that the spirit of the ordinance shall be observed, public safety and welfare secured and substantial justice done" (cf. *Siegel* v. *Lassiter*, 6 A D 2d 879, 880).  We find that the determination of the Board of Appeals was not arbitrary, capricious or contrary to law.  The fact that the practical difficulty may have been self-created does not, in and of itself, deprive the board of its discretionary power to grant an area variance (cf. *Matter of Johnson* v. *Moore*, 13 A D 2d 984; *Siegel* v. *Lassiter, supra*).  The self-imposed hardship rule does not apply when an area variance is sought (*Siegel* v. *Lassiter, supra*; cf. *Matter of Clark* v. *Zoning Board of Appeals*, 301 N. Y. 86).  Ughetta, Acting P. J., Brennan, Hill and Rabin, JJ., concur; Hopkins, J., concurs as to the dismissal from the original judgment, but dissents as to the affirmance of the judgment on reargument, and votes to reverse such judgment and to annul the determination of the Board of Zoning Appeals, with the following memorandum:  The property concerning which two variances have been granted was purchased by the present owner (and applicant) in 1962. At that time, and since 1953, the property was and has been zoned for residential use under provisions requiring a plot of not less than 7,000 square feet, with a frontage of not less than 70 feet.  Prior to 1953 the property had been zoned for residential use under provisions requiring a plot of not less than 5,000

square feet, with a frontage of not less than 50 feet. At all times (and now) the property consists of two lots, each having a frontage of 50 feet and a depth of 150 feet; or, in the aggregate, the property is a plot having an area of 15,000 square feet and a frontage of 100 feet. Between 1953 and the date of the purchase of the property by the applicant in 1962, the zoning ordinance prohibited the erection of a building on a plot held in single and separate ownership and having less than the prescribed area and frontage. The property has been held in single and separate ownership since 1946. Some seven weeks after the applicant acquired the property in 1962, the Zoning Ordinance was amended so as to terminate all rights in any substandard plot when the substandard plot had been merged in fee with adjoining land to form a conforming plot in single ownership, and to render unlawful any subdivision of the conforming plot in violation of the area, width or frontage requirements of the ordinance. The Board of Zoning Appeals has granted two variances to the applicant. One variance permits a residence erected sometime prior to the application to remain on a plot having a frontage of 50 feet and a depth of 150 feet; the second variance permits the erection of a new residence on a plot having a frontage of 50 feet and a depth of 150 feet. Thus, the Board of Zoning Appeals has permitted a subdivision of the property in direct violation of the terms of the Zoning Ordinance. In this sense, the variances granted are use variances, since they change the primary use allowed by the ordinance to a use specifically prohibited by the ordinance. No showing of unnecessary hardship was made by the applicant before the Board of Zoning Appeals; and hence the variances granted cannot be sustained (*Matter of Otto* v. *Steinhilber,* 282 N. Y. 71, 76; *Matter of Clark* v. *Board of Zoning Appeals,* 301 N. Y. 86, 89). Even if the variances are considered as area variances (cf. *Matter of Village of Bronxville* v. *Francis,* 1 A D 2d 236, affd. 1 N Y 2d 839; *Siegel* v. *Lassiter,* 6 A D 2d 879), the applicant did not establish the essential condition of practical difficulty. Since 1946 the property has been held in single and separate ownership; and since 1953 it has been a conforming plot in accordance with the more rigid requirements of the Zoning Ordinance. There was no showing by the applicant of any change in circumstances which would cause the granting of variances to alleviate the position of the owner of the property. Indeed, the only change which concededly occurred was the purchase of the property by the applicant in 1962. Under any view, this was a change occurring at the election of the applicant, with full knowledge of the conditions. Any difficulty thus existing is therefore not "practical", but a "self-imposed individual" difficulty which is not recognized as a ground for a variance (*Matter of Fina Homes* v. *Young,* 14 Misc 2d 576, affd. 7 A D 2d 864, affd. 7 N Y 2d 845; *Matter of Chasanoff* v. *Silberstein,* 6 A D 2d 872, affd. 6 N Y 2d 807; *Matter of Johnson* v. *Moore,* 13 A D 2d 984; Anderson, Zoning Law and Practice in New York State, § 18.40, p. 593). True it is that in each of the cases cited (and in other cases which support the rule) the Board of Zoning Appeals had denied the application for a variance and our decision had affirmed that determination; but I see no crucial difference in the application of the rule dependent on the posture of the case as it comes to us. If the rule is to be enforced and to have any efficacy at all, it must be binding irrespective of whether the applicant was successful before the Board of Zoning Appeals. Otherwise, the action of the Board of Zoning Appeals becomes an exercise of arbitrary power, since in one case the rule may be invoked and in another the rule may be ignored. So long as the rule exists, it must be enforced evenly, or else to my mind the fundamental right of equal protection of the laws has been infringed (*Yick Wo* v. *Hopkins,* 118 U. S.

356, 373, 374; *Detroit United Ry.* v. *Michigan*, 242 U. S. 238, 247; *Myles Salt Co.* v. *Iberia Drainage Dist.*, 239 U. S. 478, 484). For these reasons, I dissent. [46 Misc 2d 292.]