■ In the Matter of KARLIS OZOLINS et al., Appellants, v. LEONARD L. HORN et al., Constituting the Zoning Board of Appeals of the Town of Huntington, Respondents.— In a proceeding under article 78 of the CPLR, petitioners appeal from (1) a judgment of the Supreme Court, Suffolk County, entered June 2, 1965, which confirmed a determination of the respondent Zoning Board of Appeals denying an application for an area variance and dismissed the petition and (2) an order of said court, entered October 20, 1965, which denied reargument. Judgment reversed, on the law and the facts, with costs; determination of the board dated February 4, 1965 annulled; and proceeding remitted to the board with direction that petitioners' application for an area variance be granted. Findings of fact in the decisions below which may be inconsistent herewith are reversed and new findings are made as indicated herein. Appeal from order denying reargument dismissed, without costs. No appeal lies from such an order (*Garr* v. *Weidner*, 13 A D 2d 835). The rule is well settled that, absent any statutory provision to the contrary, special hardship need not be established as a condition to granting an area variance. It is sufficient if there be a showing of practical difficulty (*Matter of Village of Bronxville* v. *Francis*, 1 A D 2d 236, affd. 1 N Y 2d 839). As a corollary to this rule, it has been held that the " self created hardship " concept does not apply to area variance cases, i.e., the fact that the condition complained of was self created is not dispositive of the matter but only one factor to be considered by the Zoning Board in determining whether to exercise its discretion and grant an area variance (see *Siegel* v. *Lassiter*, 6 A D 2d 879). In the instant case, the Zoning Board, after finding " practical difficulties ", decided not to exercise its discretion and denied petitioners' application on the grounds that the " hardship or practical difficulty is one that has been self created."

Special Term agreed that this was the "controlling factor." The issue on appeal therefore is whether the board's refusal to exercise its discretion was arbitrary, capricious or contrary to law. The record shows that the property in question, "known and described as Lot or Plot number Ninety (90) as shown on a certain map entitled Map of 'Carinthia Heights', Half Hollows, Town of Huntington", is located in a residential area composed entirely of one-fourth-acre plots. The area had been so developed and laid out by the corporate owner of the property *prior* to a zoning change in 1947 (cf. *Matter of Ferryman* v. *Weisser*, 3 A D 2d 674). Subsequent to the change (which upzoned the property from a Residential "C" district [one-fourth-acre plots] to a Residential "B" district [requiring one acre for construction]), all the lots immediately adjoining Lot 90 were sold off as one-fourth acre or substandard plots and the purchasers, even though they bought their property from the corporate owner who had "created" the substandard lots, were given permission to build homes. Some were given building permits outright; others, such as the man who purchased Lot 89 in 1960, were given area variances. Thus, the area developed in an orderly fashion until there was only one lot remaining; and petitioners, contract vendees of Lot 90, applied for permission to build a home. Permission was denied on the ground that the lot failed to meet zoning requirements and that the substandard condition was self created. These same objections had existed with respect to all the adjoining lots but the board saw fit not to raise them until this present application concerning Lot 90 — a lot which was completely locked in by the surrounding area, i.e., there was no way to expand to comply with the one-acre requirement, a lot which was to be used in the same way as all the adjoining lots, and a lot which was practically worthless without a variance. Under all these circumstances, we can only conclude that the board's determination here was arbitrary and capricious. Ughetta, Acting P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.