Bergan, J.
 

 Petitioner, owner of a substandard lot in a residence B zone in the Village of Sea Cliff, sought a variance from the Board of Zoning Appeals of the village which would permit utilization of the lot for a residence. The zoning ordinance, enacted in 1960, required a minimum of 100 feet frontage and a minimum of 10,000 square feet for lots in this zone. Petitioner’s property had less than half the frontage, 42.40 feet; but it had 16,675 square feet, well in excess of the area requirement. The lot was irregular in shape. The board denied the variance.
 

 The court at Special Term annulled this determination on the authority of
 
 Matter of Fulling
 
 v.
 
 Palumbo
 
 (21 N Y 2d 30) because of economic injury to the petitioner if the variance were not granted; and because the board had not satisfied the court
 
 *384
 
 that the public health and welfare would be adversely affected by granting the variance. The Appellate Division affirmed the decision with Presiding Justice Beldock dissenting.
 

 This substandard lot was created by a deed to petitioner on December 28, 1965 from a portion of a larger lot. The grantor, Maryanne Dobsovitz, had been the owner of the larger lot at the time the ordinance was adopted in 1960; but the ordinance limiting frontage to 100 feet had long been in force when s(he created the substandard lot in 1965.
 

 In such a situation of self-created nonconformity by the owner, the
 
 Fulling
 
 decision must be read in the light of two later decisions by this court
 
 (Contino
 
 v.
 
 Incorporated Vil. of Hempstead,
 
 27 N Y 2d 701, and
 
 Matter of 113 Hillside Ave. Gorp.
 
 v.
 
 Zaino,
 
 27 N Y 2d 258). In
 
 Contino
 
 the court expressly adopted the dissenting opinion at the Appellate Division (33 A D 2d 1043) which, on analysis of
 
 Fulling,
 
 concluded that decision did not mandate variances in all financial loss cases particularly “where * * * the hardship was self-created ” (p. 1044). The opinion of Chief Judge Ftjld in
 
 Matter of 113 Hillside Ave. Corp.
 
 adopted this language as a correct statement of the rule (p. 263).
 

 The facts in that case are similar to the present one. The land there had adequate area, but was well under the minimum front footage. It was also formerly part of a larger single residential plat (27 N Y 2d 258,
 
 supra,
 
 p. 260). Therefore, the economic loss claimed in this case, the difference between $9,000, the estimated value if the variance is granted, and $4,000, if it is not granted and can be sold only to an adjacent owner, is not controlling in this self-created situation. The board is not required to grant the variance on such a showing and its failure to do so is neither arbitrary nor unlawful
 
 (Matter of Weinstein
 
 v.
 
 Planning Bd. of Vil. of Great Neck,
 
 21 N Y 2d 1001).
 

 On value of the parcel, it is not clearly shown what the petitioner paid for it. It was conveyed as part consideration for the building of a house and the construction costs allocable to this part of the consideration were not established by petitioner.
 

 The Special Term, as has been noted, was of opinion that it was necessary for the board to show, in support of its denial of the variance, that ‘1 the public health, safety and welfare would
 
 *385
 
 be adversely affected ” by granting it. This would be an extremely heavy burden to sustain denial of variances.
 

 The denial of a variance is closely integrated with the validity of the restrictive ordinance itself. If the general limitations on frontage and size of lots serve the public welfare and are good as a matter of law, the burden of showing the need for variance ought to be on him who seeks it. When the public authority shows the general validity of the ordinance, it ought not be required to show it again in each case in which variance is denied.
 

 The board also had proof that the narrower lot would have some possible adverse effect on drainage, and while this is in the direction of supporting its determination it does not seem to add much force to it. The board acted within its legal competence in refusing to grant the variance and its determination has not been shown by petitioner to be arbitrary.
 

 The order should be reversed and the petition dismissed, with costs.
 

 Chief Judge Fuld and Judges Burke, Scileppi, Breitel, Jasen and Gibson concur.
 

 Order reversed, etc.