■ In the Matter of Robert Young et al., Respondents, v. T. R. Beales et al., Constituting the Zoning Board of Appeals of the Village of Newark, et al., Appellants.— Judgment unanimously reversed, with costs, and determination of the Zoning Board of Appeals confirmed. Memorandum: Appellant Franchise Realty Interstate Corporation (Franchise) is a contract vendee under a contract to purchase a parcel of commercially zoned land in the Village of Newark, New York. The parcel is a portion of a larger parcel owned by Perfection Foods, Inc. Franchise proposes to build a restaurant on the subject parcel and although the proposed use is a permitted one, the parcel and plans do not comply with certain area requirements of the local zoning ordinance. It appears from the record that Perfection Foods, Inc., had more land but that because of its own business needs such land was not available to Franchise. Upon Franchise's application and following an evidentiary hearing and appropriate findings the respondent-appellant Zoning Board of Appeals of the Village of Newark (Board) granted Franchise's application for variances. The first variance permits a total lot area of 32,000 square feet while the ordinance requires 50,000 square feet; a second variance permits a lot depth of 160 feet while the ordinance requires 250 feet; and a third variance permits a setback of 16 feet while the ordinance requires a setback of 80 feet. Petitioners-respondents, including a competing restaurant located across the street from the subject parcel, commenced an article 78 proceeding and Special Term reversed the Board's determination, set aside the area variance, and held that "an owner cannot subdivide his property and create a substandard lot and then be relieved from the strict compliance of the ordinance because of practical difficulties (citing *Matter of Chasanoff* v. *Silberstein,* 6 N Y 2d 807; *Matter of Kenny Development Corp.* v. *Kramer,* 22 Misc 2d 122)." "'The

fact that the practical difficulty may have been self-created does not, in and of itself, deprive the board of its discretionary power to grant an area variance'" (*Banos* v. *Colborn*, 35 A D 2d 281, 285, affd. 30 N Y 2d 502). Petitioners-respondents presented to the Board the fact that the difficulty in this particular case was self-created. The Board in the proper exercise of its discretion nevertheless granted the variance. The applicable zoning ordinance gives the Board such discretionary power to grant area variances on the ground of practical difficulty where such "will be in harmony with the general purpose and intent of [the] ordinance, and will not be injurious to the neighborhood or otherwise detrimental to the public welfare." Further, we cannot agree with the conclusion at Special Term that the Board granted the variance simply because other properties in the neighborhood had been granted similar variances. The Board considered such evidence with respect to whether the proposed project would be compatible with the surrounding area. The Board was entitled, if not required, under the zoning ordinance to consider the effect of the proposed project on the character of the immediate neighborhood. We conclude upon the record that the Board's determination was not arbitrary, capricious or contrary to law and should not have been disturbed by Special Term. (Appeal from judgment of Monroe Special Term in article 78 proceeding to annul variances.) Present — Goldman, P. J., Del Vecchio, Marsh, Moule and Cardamone, JJ.