■ In the Matter of EDWARD W. CRAIG, Respondent, v ZONING BOARD OF APPEALS OF THE CITY OF YONKERS, Appellant.—In a proceeding pursuant to CPLR article 78 to review a determination of the appellant Zoning Board of Appeals of the City of Yonkers which denied petitioner's application for an area variance, the appeal is from a judgment of the Supreme Court, Westchester County, entered March 11, 1975 [upon a motion for reargument of a prior determination], which (1) annulled the determination and (2) directed the issuance of a building permit. Judgment reversed, on the law, with costs to appellant; petition dismissed on the merits; and determination confirmed. Petitioner has been the sole owner of the subject unimproved parcel of land, known as Block 5349, Lot 7, on the tax assessment map of the City of Yonkers, since July 16, 1965. At the time of its purchase by petitioner, the subject lot was located in an S-100 zone district, which permitted one-family residences, but required, *inter alia,* a 100-foot frontage. Thereafter, in 1968, the property was rezoned to an S-200 district, which requires a 200-foot frontage. Petitioner contends that even though his lot frontage is only 87.7 feet, and thus substandard, he is entitled to a building permit as a matter of right. Further, under section 107-55 (subd [D], par [2]) of the zoning ordinance, he contends that he is entitled to a building permit for a one-family dwelling regardless of the insufficient front footage, provided that the lot was separately owned and was not adjacent to any lot in the same ownership at the time of the passage of the zoning ordinance. The provision relied upon in effect permits the owner of a conforming parcel to build a one-family house thereon, even if the area is subsequently up-zoned and the parcel thereby becomes nonconforming. Here, owners (petitioner's grantors) of a lot which conformed to the S-100 zone district standards (which lot was later subdivided and a portion thereof—the subject property —was sold to petitioner) could have gotten a building permit for the construction of a one-family dwelling upon the original conforming parcel, even though the area was later changed to an S-200 zone, thus causing the original parcel to become substandard. However, that section does not create any new rights. It only protects a prior right which would have been abridged if the section had not been a part of the ordinance. Since petitioner did not have a vested right to build a one-family house on the substandard parcel when he acquired it (see *Matter of Cherry Hill Homes v Barbiere,* 28 NY2d 381; *Matter of Simpson v King,* 47 AD2d 634), the section could not confer such a right upon him. Although petitioner is not entitled to an area variance as a matter of law, we must decide whether it was an abuse of discretion for the appellant zoning board of appeals to deny the application for a variance. The fact that the practical difficulty may have been self-created (see *Matter of Cherry Hill Homes v Barbiere, supra; Matter of Simpson v King, supra; Designer Homes v City Council of City of Yonkers,* 36 AD2d 836) does not, in and of itself, deprive a zoning board of its discretionary power to grant an area variance (see *Matter of Young v Beales,* 42 AD2d 833, affd 35 NY2d 662; *Matter of Banos v Colborn,* 35 AD2d 281, affd 30 NY2d 502; *Matter of Willits v Schoepflin,* 23 AD2d 868). The fact that almost all of the surrounding parcels of property are conforming presents a strong argument that the character of the immediate area will be adversely affected if petitioner's application is granted. Inasmuch as a legitimate purpose was established, the decision of the board can only be considered arbitrary if the hardship caused thereby will deprive petitioner of any use of the property to which it is reasonably adapted (see *Matter of*

*Fulling v Palumbo,* 21 NY2d 30). Mere financial loss does not constitute hardship within the meaning of this rule *(Matter of Overhill Bldg. Co. v Delany,* 28 NY2d 449; *Rowe St. Assoc. v Town of Oyster Bay,* 34 AD2d 987, affd 27 NY2d 973). Since mere financial loss is all that petitioner has shown, there was ample basis for the board's decision. Additionally, it should be noted that petitioner has not been deprived of the use of his property since it abuts the lot upon which the home in which he lives with his wife is located, and can easily be used for an extension thereof. Hopkins, Acting P. J., Cohalan, Christ, Brennan and Munder, JJ., concur.