■ In the Matter of RANDOLPH COWAN, Appellant, v ROY M. KERN et

al., Constituting the Zoning Board of Appeals of the Town of Smithtown, Respondents.—In a proceeding pursuant to CPLR article 78 *inter alia* to review a determination of the respondent Zoning Board of Appeals (the Board), dated September 24, 1974 and made after a hearing, which denied petitioner's application for an area variance, he appeals (1) from a judgment of the Supreme Court, Suffolk County, entered February 3, 1975, which dismissed the petition, and (2) from an order of the same court, entered July 24, 1975, which, after a hearing, denied his motion for leave to renew. Judgment and order reversed, on the law and the facts, without costs; motion granted; determination annulled; and matter remitted to the Zoning Board of Appeals with a direction that petitioner's application for an area variance be granted. Petitioner sought a variance for the purpose of permitting the erection of a one-family residence on a substandard plot, with an accompanying reduction of front yard setback from 40 to 37 feet, and rear yard setback from 50 to 38 feet. The plot is 7,500 square feet with a frontage of 75 feet. The zoning ordinance requirements call for 10,000 square feet overall, with a 75-foot frontage. The property was purchased by petitioner from the County of Suffolk at a tax sale. On either side of the premises is an improved property. The one to the north has the same dimensions as that of petitioner's parcel; the owner was granted a variance in 1971. The parcel to the immediate south has 7,500 square feet, and fronts on the same street as does petitioner's and in addition, it has a 2,500-square-foot parcel which abuts it on the rear. The owner obtained a variance in or about 1973 for side and rear yard setbacks. The neighbor to the north has offered $1,000 to petitioner for his plot. The property is obviously worth several times the offer; nothing in the law requires petitioner to sell to an adjoining landowner at a price fixed by the latter. The Board, in its decision, pointed to the fact that: "The applicant has further failed to establish before this board unnecessary hardship or practical difficulty which would have been necessary for the applicant to prove since he did not come in under a single and separate application." The simple answer to this is that both a practical difficulty and an unnecessary hardship have been established, although it was not necessary to prove the latter to justify the area variance (see *Matter of Village of Bronxville v Francis*, 1 AD2d 236, affd 1 NY2d 839). The land will be useless to petitioner unless the relief sought is granted, and the municipality will have to continue to cope with a debris-gathering eyesore, which is unproductive taxwise and a potential blight on the town. The fact, too, that petitioner purchased the land at a tax sale—obviously for less than its market value—should not be a controlling criterion. To answer a further argument, petitioner did not create the hardship. He purchased land which had either been conforming in the first instance, or which had been subdivided improperly by someone with whom he was in no way privy. The block in which petitioner's lots lie has 17 plots, only nine of which are conforming; the owners of the remaining eight have been granted variances and the plots are already built upon. The general area is marked with many substandard parcels for which variances have been granted and on which residences have been built. The charge of, and proof of, discrimination can be established only by inference. However, as shown, there is evidence in the record before us that one or more variances of identical or similar nature have been granted in the immediate vicinity of the subject premises. When Tweedledee is granted, and Tweedledum is denied, a variance under such circumstances, suspicion ripens into certainty that Tweedledum has been denied justice. In *Matter of Ozolins v Horn* (26 AD2d 555), a change in the Town of Huntington's zoning ordinance from 1/4 acre minimum plots to

one-acre minimum was effected. Ozolins applied for a variance. It was denied. He proved that his property was located in a residential area composed entirely of 1/4 acre plots. After the upzoning took effect, all of the owners of lots adjoining his were permitted to build upon their substandard lots. Interestingly enough, all of the neighbors had bought these properties from the corporate owner who had created the substandard lots. The record there shows that some were given building permits outright; others were given area variances. At bar, there is no corporate owner with title to adjoining lots from whom petitioner could conceivably have purchased additional land to conform to the ordinance. Accordingly, since the health, safety, welfare and character of the area will not be in any wise affected by the issuance of the variance, we conclude, as we did in *Ozolins (supra)*, that the Board's determination was arbitrary and capricious. Gulotta, P. J., Rabin, Hopkins and Cohalan, JJ., concur; Martuscello, J., dissents and votes to affirm the judgment and order, with the following memorandum: The determination of the respondent Board was neither arbitrary nor capricious. Petitioner's failure to introduce proof of the price paid for the property at the tax sale was fatal to his effort to show severe economic injury (cf. *Matter of Crossroads Recreation v Broz*, 4 NY2d 39, 44). As to the charge of discrimination, the proof introduced at the court-ordered hearing failed to establish a violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. "Even though the statistics in this case might imply a policy of selective enforcement, it was not stated that the selection was deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification" *(Oyler v Boles*, 368 US 448, 456; see, also, *Matter of Di Maggio v Brown*, 19 NY2d 283). Nor is this the type of extreme case where the "grant of consent under similar circumstances has been so frequent, both before and after refusal in one instance, that inference arises that the refusal is the result of unfair discrimination and oppression" *(Matter of Larkin Co. v Schwab*, 242 NY 330, 336; see, also, *Matter of Ozolins v Horn*, 26 AD2d 555).