■ In the Matter of COURTESY ESTATES, INC., Respondent, v WILLIAM H. SCHERMERHORN et al., Constituting the Zoning Board of Appeals of the Town of Islip, Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals, dated December 10, 1974 and made after a hearing, which denied petitioner's application for a variance, the appeal is from a judgment of the Supreme Court, Suffolk County, dated March 20, 1975, which (1) granted the petition and (2) ordered the Zoning Board of Appeals to direct that the Director of the Department of Building and Housing issue the building permit applied for. Judgment reversed, on the law, and petition dismissed on the merits, without costs or disbursements. No fact questions were presented on this appeal. Petitioner sought an area variance for Lots Nos. 2960 and 2961, which together total 5,000 square feet, but which, since 1952, have been in a zoning district with a minimum lot requirement of 7,500 square feet. The lots (together with Lot No. 2959) were owned by the same individual for a period of almost 10 years (1956–1966). Due to the failure to pay real estate taxes, the three lots were sold at public auction by the County of Suffolk to satisfy the tax liens. On December 13, 1966, the County Treasurer deeded Lots Nos. 2960 and 2961, which comprise a substandard parcel, to a corporation which conveyed them to petitioner on December 18, 1973. On January 10, 1966, Lot No. 2959 was deeded by the County Treasurer to a third party. Petitioner's application was twice presented to the Zoning Board of Appeals and each time was denied. On review of the second denial, Special Term granted the petition and annulled the determination. We disagree. In our view the determination of the respondent board was neither arbitrary nor capricious. While it

is settled law that a self-created hardship does not deprive a zoning board of its discretionary power to grant an area variance (see *Matter of Craig v Zoning Bd. of Appeals of City of Yonkers,* 50 AD2d 887; see, also, *Matter of Young v Beales,* 42 AD2d 833, affd 35 NY2d 662) it is still a factor to be considered by the zoning board in determining whether to exercise its discretion and grant an area variance (see *Matter of Ozolins v Horn,* 26 AD2d 555; *Siegel v Lassiter,* 6 AD2d 879). Here, petitioner purchased the substandard parcel with presumptive knowledge of the zoning ordinance. Petitioner essentially claims that the neighborhood is of a mixed character in that there are four parcels adjoining the subject premises which are of the same dimensions as it and, therefore, there would be no adverse effect on the surrounding property if a variance was granted. However, the adjoining parcels are all undeveloped and, apparently, are subject to the existing zoning ordinance. According to a map of the area annexed to the petition, there is only one substandard parcel in the area which has been developed—though there is no indication as to when. Under these circumstances we cannot say that the board erred in not finding the requisite "practical difficulties" to support an area variance and in concluding "that the granting of this application would violate the spirit of zoning and have an adverse effect on the surrounding property". To grant the variance here would open the door to the piecemeal destruction of the neighborhood by repeated variances to adjoining property owners who hold substandard lots. It should be noted that it is entirely possible that petitioner may derive an equal return, or even a profit, from the sale of its land to an adjoining property owner, or perhaps find it economical to purchase one of the adjoining substandard parcels in order to satisfy the minimum area requirements of the zoning ordinance. Finally, we note in passing that the subject parcel was not held in single and separate ownership and that that point was not pressed in the petition (see *Matter of Marianic Estates v Sacca,* 45 AD2d 891). Latham, Acting P. J., Margett, Christ, Shapiro and Titone, JJ., concur.