■  In the Matter of AL OBERMEIER et al., Respondents, v STANLEY P. AMELKIN et al., Constituting the Zoning Board of Appeals of the Town of Huntington, Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Huntington, dated June 16, 1977, which, after a hearing, denied petitioners' application for an area variance, the appeal is from a judgment of the Supreme Court, Suffolk County, entered December 14, 1977, which annulled the determination and directed the zoning board to grant the variance. Judgment reversed, on the law, with costs, determination confirmed and proceeding dismissed on the merits. The zoning board denied the area variance for the subject lot on the ground that, unlike the lot in *Matter of Ozolins v Horn* (26 AD2d 555), a case which involved the same filed map and upon which Special Term relied in directing that the variance issue, this lot is located on a block "in which there has been no development whatsoever." The parcel, therefore, could be developed in accordance with the one-acre zoning ordinance passed in 1948. In addition, the zoning board found that there is a drainage problem in and around the site of the subject lot and that flooding occurs. These factors are substantiated by the record. We note that the record also establishes that the size or square footage of the instant lot (10,000 square feet) is substantially less than that of the four lots of the individual petitioner that were granted variances at the same time the instant application was denied (those lots have areas of 21,654, 19,474, 16,831 and 15,514 square feet, respectively). Also, of importance is the testimony of petitioners' witness that more than half of the nonconforming parcels on the filed map were improved with dwellings without the award of variances: some 15 prior to the zoning change (between 1938 and 1948) and some 20 thereafter (cf. *Matter of Cowan v Kern,* 41 NY2d 591). Subsequently, often on the authority of *Ozolins,* which spoke, interestingly, of the lot involved therein as "the one lot remaining" *(Matter of Ozolins v Horn, supra,* p 556), other area variances were directed. *Ozolins* is not controlling in the present case. The subject lot is surrounded by undeveloped lots. The drainage is poor. *Ozolins* should not be extended so that it will recreate the very situation that made that decision necessary in the first place. The zoning board was correct in finding that petitioners had not established economic hardship when they focused on the value of the lot *with* a variance (see *Matter of Cowan v Kern, supra,* p 597). Nor did petitioners demonstrate practical difficulties in view of the fact that no adjoining lot

has yet been improved with a dwelling. We conclude that the zoning board's determination is neither arbitrary nor capricious and that it has a rational basis substantiated by the record (see *Matter of Cowan v Kern, supra*). Latham, J. P., Suozzi, Gulotta, Shapiro and Cohalan, JJ., concur.