■ In the Matter of DONALD S. GOVER et al., Appellants, v ARMAND A. GRANITO et al., Constituting the Board of Zoning Appeals of the Town of Hempstead, Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of Hempstead denying petitioners' application for a variance, *inter alia,* permitting construction of a one-family dwelling on a parcel of land having less

than the 40-foot street frontage required by the Building Zone Ordinance of the Town of Hempstead, petitioners appeal from a judgment of the Supreme Court, Nassau County, entered June 7, 1978, which dismissed the petition. Judgment affirmed, without costs or disbursements. Prior to the enactment of the applicable zoning ordinance, petitioners owned the lot in question with frontage of 16.57 feet on Lawrence Place and an adjoining parcel with frontage of 75 feet on Old Mill Road. In 1975, petitioners sold the adjoining parcel, but retained the lot in question, resulting in the violation of section G-9.0 of article 14 of the Building Zone Ordinance of the Town of Hempstead, which prohibits the subdivision of property so as to create one or more substandard plots. Petitoners do not allege what market value the lot in question would have had had it been sold along with the adjoining parcel. Therefore, there is no evidence that the zoning ordinance is confiscatory as applied to this case. It is also noted that petitioners' hardship was self-created which was another factor to be considered in denying the variance (see *Matter of Cherry Hill Homes v Barbiere,* 28 NY2d 381). Furthermore, the determination of the Board of Zoning Appeals that the lot in question did not comply with subdivision 5 of section 280-a of the Town Law was based upon substantial evidence. Damiani, J. P., Titone, O'Connor and Martuscello, JJ., concur.