OPINION OF THE COURT
Oscar Murov, J.
In this action the Town of Islip seeks an order adjudging defendants in contempt of this court’s prior judgment dated January 4,1980, which had, inter alla, directed defendants to conduct their junk and auto wrecking business in an “orderly fashion”. Each party annexed to their moving papers various photographs of the subject premises.
Due to the conflicting statements in said moving papers and the vast difference in the photographs purporting to represent the subject premises, the court ordered a hearing on the issue of whether defendants had complied with the court’s prior judgment. Based upon the testimony at trial and the moving papers, with said exhibits, the court finds that there has been substantial compliance with the court’s prior order and, accordingly, the town’s application to hold defendants in contempt is denied.
The town’s counsel also contends that defendants have not complied with section 136 of the General Municipal *1081 Law with regard to certain fencing requirements. The legislative intent of this statute is defined in subdivision 1 therein as follows: “A clean, wholesome, attractive environment is declared to be of importance to the health and safety of the inhabitants and the safeguarding of their material rights against unwarrantable invasion and, in addition, such an environment is deemed essential to the maintenance and continued development of the economy of the state and the general welfare of its citizens. It is further declared that the unrestrained accumulation of junk motor vehicles is a hazard to such health, safety and welfare of citizens of the state necessitating the regulation, restraint and elimination thereof. At the same time, it is recognized that the maintenance of junk yards as hereinafter defined, is a useful and necessary business- and ought to be encouraged when not in conflict with the express purposes of this section.”
This section relating to the regulation of automobile junkyards applies to all towns and villages which had not adopted ordinances or regulations to license or regulate junkyards (1970 Opns A tty Gen 106). However, the statute may not be construed to effect or supersede zoning ordinances or any other ordinances for the control of junkyards with the proper exercise of the police power of a town and may not be deemed to apply to any town which has any ordinance or regulation to license or regulate junkyards (General Municipal Law, § 136, subd 12; 59 NY Jur, Towns, § 177). Furthermore, section 136 of the General Municipal Law, including subdivision 13, does not apply to a town that has a local law licensing and regulating junkyards even though the local law does not contain a counterpart of said subdivision 13 (Opns St Comp, 1979, No. 343). Here the Town of Islip has a code regulating and licensing junkyards and automobile wrecking businesses which was enacted prior to the enactment of section 136 of the General Municipal Law and, accordingly, the court holds that said section 136 of the General Municipal Law is not applicable to this action. Accordingly, the town’s application is denied.