In the Matter of JUNIPER HOMES, INC., Appellant, v ALBERT NOLTE, JR., et al., Respondents. — In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Incorporated Village of Oyster Bay Cove, filed August 16, 1983, which denied petitioner's application for an area variance, petitioner appeals from a judgment of the Supreme Court, Nassau County (Velsor, J.), entered February 21, 1984, which dismissed the petition.

Judgment affirmed, with costs.

The determination of the Board of Zoning Appeals was not arbitrary, capricious or an abuse of discretion (*Matter of Fuhst v Foley*, 45 NY2d 441; *Matter of Cowan v Kern*, 41 NY2d 591) and was based on substantial evidence. Petitioner failed to prove that it would suffer a significant economic injury if the application for the variance was denied (see *Matter of National Merritt v Weist*, 41 NY2d 438; *Matter of Cowan v Kern, supra; Matter of Brower v Board of Zoning Appeals*, 58 AD2d 863; *Matter of Point Lookout Civic Assn. v Zoning Bd. of Appeals*, 112 Misc 2d 263). Petitioner presented no proof of either the existence or the dimension of its alleged economic loss stemming from the denial of the variance (see *Matter of Campus v Delany*, 62 AD2d 990; *Matter of Craig v Zoning Bd. of Appeals*, 50 AD2d 887, affd 41 NY2d 832). Nor has petitioner shown any practical difficulties which would entitle it to a variance (see *Matter of Village of Bronxville v Francis*, 1 AD2d 236, affd 1 NY2d 839; *Matter of Wachsberger v Michalis*, 19 Misc 2d 909 [Meyer, J.], affd 18 AD2d 921). Petitioner purchased the parcel in question with full knowledge that its proposed four-lot subdivision might not be in conformity with the village zoning ordinance (cf. *Matter of Courtesy Estates v Schermerhorn*, 51 AD2d 966).

Any difficulty petitioner has with complying with the zoning ordinance and applicable regulations is self-imposed and purely economic. What is more, respondents noted, upon argument of

the appeal, that petitioner, by reducing the number of lots in the proposed subdivision from four to three, and utilizing the requirement of a 50-foot road and cul-de-sac, would be in full compliance with the zoning ordinance and the applicable regulations (see *Matter of 113 Hillside Ave. Corp. v Zaino,* 27 NY2d 258). Thus, the denial of the area variance by the village Board of Zoning Appeals was not an abuse of discretion.

Petitioner's other contentions have been examined and lack merit. Mangano, J. P., Gibbons, Bracken and Niehoff, JJ., concur.