■ In the Matter of JANET SPRINGER, Appellant, v ZONING BOARD OF APPEALS OF THE TOWN OF SOMERS, Respondent. — In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Somers denying petitioner's application for a variance permitting construction of a residence on a parcel of land having less than the 200-foot frontage required under the Zoning Ordinance of the Town of Somers and less than the 15-foot frontage required under Town Law § 280-a, petitioner appeals from a judgment of the Supreme Court, Westchester County (Jiudice, J.), dated March 1, 1984, which dismissed the petition.

Judgment affirmed, with costs.

Petitioner contends that the decision of the Board was arbitrary and capricious because, among other things, its determination was based upon internal inconsistencies. She further contends that hers is not a case of self-created hardship. We find her contentions to be without merit.

A comparison of the minutes of the public hearing with the written decision of the Board reveals that the apparent internal inconsistencies were a product of inartful drafting rather than substantive findings. For example, the Board did not find that petitioner's substandard parcel met the frontage requirement of the Zoning Ordinance before proceeding to deny a variance based upon the absence of said frontage. Further, we find support in the record for the Board's determination that a granting of the variance would amount to ad hoc planning and create precedent which could well lead to further substandard subdivision of "Rost Acres". Finally, we view this case as one of self-created hardship, as the substandard parcel was created by a deed to petitioner in 1973. The frontage requirement of the Zoning Ordinance had been in effect since 1959 (*see, Matter of Cherry Hill Homes v Barbiere*, 28 NY2d 381).

An area variance may be denied on the ground of self-created hardship, provided it is not the sole factor considered, and provided such denial is not arbitrary and capricious (*see,* 2 Anderson, NY Zoning Law and Practice § 23.44 [3d ed]; *Matter of Cherry Hill Homes v Barbiere, supra*). The Board's determination was not arbitrary and capricious, and self-created hardship was not the only ground considered. Accordingly, dismissal of the petition is affirmed. Mangano, J. P., Gibbons, Brown and Lawrence, JJ., concur.