■ In the Matter of THOMAS SCOPELLITI et al., Appellants, v BOARD OF ZONING APPEALS OF THE TOWN OF HEMPSTEAD, Respondent, and STEPHEN LANNING, Doing Business as HAMPTON SALVAGE, et al., Intervenors-Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Zoning Appeals, made June 16, 1983, after a hearing, that the "[d]ismantling of motor vehicles, storage and sale of used parts" is a permitted use in an industrial district under the Building Zone Ordinance of the Town of Hempstead, and that certain business operations

were thereby permitted uses, petitioners appeal from a judgment of the Supreme Court, Nassau County (Lockman, J.), dated July 6, 1984, which dismissed the petition on the merits.

Judgment affirmed, with costs.

Special Term correctly concluded that General Municipal Law § 136 is inapplicable to this case *(see, Town of Islip v Serio,* 105 Misc 2d 1078, 1079; General Municipal Law § 136 [12]). Furthermore, the determination of the Board of Zoning Appeals was not arbitrary, capricious or an abuse of discretion *(see, Matter of Fuhst v Foley,* 45 NY2d 441, 444; *Matter of Juniper Homes v Nolte,* 104 AD2d 942) and was based on substantial evidence. Mangano, J. P., Bracken, Niehoff and Eiber, JJ., concur. [125 Misc 2d 586.]