■ In the Matter of PHILIP FARANDA, Respondent, v. RAY H. SCHOEPFLIN et al., Constituting the Zoning Board of Appeals of the Town of Oyster Bay, Appellants.— In a proceeding under article 78 of the former Civil Practice Act, to review the determination of the Zoning Board of Appeals of the Town of Oyster Bay, made February 7, 1963 after hearings, denying the ·petitioner's application to build a dwelling on two contiguous lots, the Zoning Board appeals from an order of the Supreme Court, Nassau County, entered May 29, 1963 upon the opinion and decision of the court, which: (1) annulled its determination; and (2) directed the Building Inspector of the town to issue a building permit. Order reversed on the law, without costs, and application denied, without costs. No questions of fact were considered. The Town Zoning Ordinance provides that if a substandard plot (such as the one here involved) is acquired under· any circumstances by an adjoining owner, the said substandard plot merges in fee with the adjoining plot, and the substandard plot is no longer a buildable plot. Although, at the time of the adoption of the Zoning Ordinance, the area of the lots comprising said plot was less than the area prescribed by the ordinance and thus qualified the lots for a nonconforming use as to area, nevertheless, when the lots were acquired by an adjoining owner, they merged with such owner's adjoining land and, under the provisions of the ordinance, were required to be treated thereafter as a single unit. The Town Board has the unquestioned power to enact zoning laws respecting the use of property (Town Law, § 263); and such power is subject only to the constitutional limitation that it may not be exerted arbitrarily and unreasonably (*Vernon Park Realty* v. *City of Mt. Vernon,* 307 N. Y. 493, 499). In our opinion, the Zoning Ordinance, insofar as it is here invoked, constitutes a proper exercise of the town's zoning power; the Zoning Board properly construed the ordinance; and the board did not act arbitrarily or unreasonably in enforcing it and in denying petitioner's application for a building permit. Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur. [39 Misc 2d 400.]