■ In the Matter of BLUE RIDGE GARDENS, INC., Appellant, v. FRANCIS J. OSWALD, as Building Inspector of the Town of Cortlandt, et al., Respondents.— In a proceeding pursuant to article 78 of the CPLR (1) to review a determination of the respondent Zoning Board of Appeals denying petitioner's application for an area variance and (2) to compel the issuance of a building permit, petitioner appeals from an order of the Supreme Court, Westchester County, dated September 12, 1973, which remitted the matter to said zoning board for the purpose of its making a record of its proceedings which can be reviewed by the court. Permission to appeal from the order is hereby granted (CPLR 5701, subds. [b], [c]). Order modified, on the law, by (1) limiting the remission to the zoning board to the issue of petitioner's request for a 30-foot setback variance and (2) adding a decretal provision thereto (a) annulling the zoning board's determination insofar as it denied petitioner a permit to build under the R-20 standards in effect at the time of the filing of the subdivision map (containing Lot 70), July 15, 1955, and (b) directing respondents to issue to petitioner a permit to construct under said R-20 standards, pursuant to the exception set forth in section 88-39C(8) of the Zoning Ordinance of the Town of Cortlandt. As so modified, order affirmed, without costs. Petitioner applied for a variance with respect to a parcel owned by it and designated Lot 70 on a subdivision map filed July 15, 1955. Lot 70 is contiguous for 105 feet with Lot 71, also owned by petitioner. The relation of the two lots to each other is such as to form an " L " shape. The zoning in effect at the time of the filing of the subdivision map was R-20, the area standard for which was 20,000 square feet. In February, 1971, the district in which Lots 70 and 71 are located was rezoned to R-40, which requires 40,000 square feet. However, section 88-39C(8) of the ordinance provided: " Any parcel of land with an area or a width less than prescribed for a lot in the district in which such lot is situated, which parcel was under one (1) ownership at the time of the adoption of this ordinance, when the owner thereof owns no adjoining land, may be used as a lot for any purpose permitted in the district, provided that all other regulations prescribed for the district by this ordinance shall be complied with." The answer of respondents in this article 78 proceeding does not refer to or annex a certified transcript of the record of the pro-

ceedings before respondents, and the record on appeal accordingly does not contain a return in the normal sense of that word. However, those allegations of the petition which are not controverted by respondents' answer, and the answer itself, sufficiently spell out the evidence adduced before respondents and the basis of their determination, so as to allow court review (*Fox* v. *Adams*, 134 N. Y. S. 2d 534) to the extent that we can and do determine that Lot 70 cannot be deemed to adjoin Lot 71 (see *Matter of Scavone* v. *Volz*, 34 A D 2d 966 [back-to-back lots — 25-foot contiguity]; *Matter of Creamer* v. *Young*, 16 Misc 2d 676; *Land Purchasing Corp. of Amer.* v. *Schlimm*, N. Y. L. J., Nov. 29, 1957, p. 13, col. 5 [Sup. Ct., Nassau County]). Petitioner was, therefore, entitled to a permit to build under R-20 standards. However, we find the record inadequate to determine whether petitioner is entitled to a 30-foot setback variance. The remission is therefore limited to that issue. Should the zoning board's determination thereon become the subject of article 78 proceedings, we call to the board's attention the obligation to make a proper record and to present and file a proper return (see CPLR 7804, subd. [e]). Gulotta, P. J., Martuscello, Shapiro, Benjamin and Munder, JJ., concur.