Gabrielli, J.
(dissenting). I dissent and vote to reverse on the dissenting memorandum at the Appellate Division with the following additional comments: The doctrine of self-created hardship may not and should not be applied in this case. The hardship resulting from the division of lots 64 and 66 was not occasioned by any deliberate action on the part of appellant or her husband, the predecessor in title. Rather, the lots were divided in ownership because of the forced conveyance in 1965 of the improved residential lot to the appellant’s father-in-law in satisfaction of a mortgage which he held on the improved lot. Appellant was permitted to continue residing in the house located on lot 66 until she was evicted in 1971 by the executor of her father-in-law’s estate. There was no deliberate attempt to subdivide merged property into nonconforming lots as occurred in Contino v Incorporated Vil. of Hemp-stead (27 NY2d 701); Matter of 113 Hillside Ave. Corp. v Zaino *1011 (27 NY2d 258) and Matter of Cherry Hill Homes v Barbiere (28 NY2d 381). The appellant’s husband and predecessor in title did not contemplate the subdivision of the merged lots at the time he sold off 10 feet from lot 64 in order to widen his neighbor’s driveway. Thus, the merged property cases relied upon by respondent and the Appellate Division majority (Matter of Faranda v Schoepflin, 21 AD2d 801; Matter of Vollet v Schoepflin, 28 AD2d 706) are factually distinguishable from the case at bar where the division of the merged property was a compelled, rather than a voluntary, act on the part of the landowner.
Intervenor, who purchased the improved residential lot (66) from appellant’s father-in-law’s estate, audaciously contends that appellant would receive a windfall if the requested variance on the ever so slightly substandard lot were granted; rather, it is intervenor who would be the fortuitous and undeserved recipient of a windfall since he will either be able to purchase the substandard lot at a bargain price or enjoy the amenity of an adjoining vacant and unusable lot without the burden and responsibility of ownership.
Order affirmed, etc.