■ In the Matter of DAREMY LAND DEVELOPMENT CORP., Petitioner, v BOARD OF APPEALS OF THE TOWN OF ISLIP et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Appeals of the Town of Islip, dated March 22, 1988, which, after a

hearing, denied the petitioner's application for a building permit.

Adjudged that the petition is granted, the determination is annulled, without costs or disbursements, and the respondent Board of Appeals of the Town of Islip is directed to issue a building permit to the petitioner in accordance with a judgment of the Supreme Court, Nassau County (Lama, J.), dated August 18, 1986.

The dispositive issue in this matter was resolved in 1986 when the Supreme Court, by judgment dated August 18, 1986, held that the petitioner had established the single and separate ownership of the subject property since prior to 1937. Such ownership entitles the petitioner to a permit as of right to improve the property with a single-family residence that complies with the residential zoning requirements applicable to that lot in 1937 (see, Islip Town Code § 68-58 [A]). Notably, the respondents failed to appeal from that judgment and, accordingly, are bound by it.

Upon the Supreme Court's subsequent remittal of the matter, the respondents advanced several reasons for denying the permit which had not been raised in connection with the prior hearing, principal among them the finding that the parcel in question was not a "corner lot". Significantly, the respondents had previously admitted that the parcel in question constituted a corner lot in an answer filed in response to an earlier CPLR article 78 proceeding commenced by the petitioner. Upon review of the record, we conclude that the respondents' finding with regard to whether the parcel constituted a corner lot is unsupported by substantial evidence (CPLR 7803 [4]). As the parcel admittedly abuts both rights-of-way of two intersecting roads, it is clearly a corner lot.

In addition, we find the respondents' claim that the permit should be denied for traffic safety reasons to be unsupported by substantial evidence. The proposed improvement of the petitioner's property is entirely unrelated to the allegedly dangerous narrowing of the adjacent county road. Bracken, J. P., Kooper, Harwood and Balletta, JJ., concur.