■ CHARLES BARRETT et al., Appellants, v HENRY W. ROSE et al., Constituting the Board of Zoning Appeals of the Town of Hempstead, Respondents, and ANGELO B. PROTO et al., Intervenors-Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Zoning Appeals of the Town of Hempstead, dated October 20, 1987, which, after a hearing, denied the petitioners' application for an area variance, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Murphy, J.), entered April 28, 1988, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioners, Charles and Mary Barrett, are the contract vendees of a substandard parcel of real property, proposed to be created by the subdivision of a larger improved parcel owned by the contract vendors. The proposed subdivision would yield two lots, contiguous at the rear, with frontages on two different streets, namely, Mayfair Avenue and Trinity Place, the latter of which is a dead-end street. The width of the lot at the front setback line of the parcel on Trinity Place,

which is the subject of this proceeding, measures 55 feet. However, the applicable zoning ordinance requires a minimum width of 60 feet at the front setback line (Town of Hempstead Zoning Code § 29). Consequently, the petitioners sought a variance of five feet for the setback line of the subject parcel on the ground that strict compliance with the setback requirements would result in "practical difficulties". The petitioners also claimed that the property was held in "single and separate ownership" since the effective date of the zoning ordinance.

After a hearing before the Zoning Board of Appeals of the Town of Hempstead (hereinafter the Board), the application for the variance was denied. In denying the petitioner's application, the Board found no evidence of practical difficulties, and also found that the over-all parcel was being used reasonably. The Board noted that Trinity Place is severely crowded, that on-street parking is not readily available and that it is extremely difficult for vehicles to make a U-turn on the dead-end street without driving onto someone's property. The Board also determined that any additional traffic would create a hazard to the existing residents and would make the process of snow removal extremely difficult.

The petitioners thereafter commenced this proceeding pursuant to CPLR article 78 to challenge the Board's determination. The Supreme Court upheld the Board's determination and dismissed the petition. We now affirm.

The law is well settled that local zoning boards have discretion in considering applications for variances and that judicial review is limited to determining whether the action taken by the board is illegal, arbitrary or an abuse of discretion (see, *Matter of Fuhst v Foley,* 45 NY2d 441; *Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309). The Board's determination will ordinarily be sustained if it has a rational basis and is supported by substantial evidence (see, *Matter of Fuhst v Foley, supra,* at 444).

We find the petitioners' assertions with respect to the doctrine of single and separate ownership to be unavailing (see, *Matter of Point Lookout Civic Assn. v Zoning Bd. of Appeals,* 112 Misc 2d 263). There is no indication that the two parcels have their own single and separate identity (cf., *Matter of Point Lookout Civic Assn. v Zoning Bd. of Appeals, supra).* The entire plot has been continuously treated as one individual unit from the time of its acquisition to the time of the application for the variance. Moreover, the lots were used

in conjunction with each other and each contributed to the value and utility of the other *(cf., Matter of Barretto v Zoning Bd. of Appeals,* 123 AD2d 692; *Matter of Guazzo v Chave,* 59 Misc 2d 1050).

The petitioners failed to establish that strict compliance with the zoning law will cause practical difficulties *(see, Matter of Fuhst v Foley,* 45 NY2d 441, *supra).* Inasmuch as they are still capable of utilizing the "property or a structure located thereon 'without coming into conflict with * * * the restrictions of the [zoning] ordinance' " *(Matter of Fuhst v Foley,* 45 NY2d 441, 445, *supra,* quoting 3 Rathkopf, Law of Zoning and Planning, ch 48, § 1 [4th ed]; *see also, Matter of Pacheco v De Salvo,* 127 AD2d 597; *Matter of Paniccia v Volker,* 133 AD2d 404). In this regard, it should be noted that a one-family dwelling already exists on the parcel.

Moreover, the petitioners have not demonstrated that they would suffer significant economic injury if the variance were not permitted. The petitioners contend that the value of the two improved lots, if the parcel were subdivided, would exceed that of the parcel as it currently exists. This is not sufficient to justify the issuance of a variance *(see, Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, 140, *affd* 67 NY2d 702).

Finally, even assuming that the petitioners satisfied their burden of proving practical difficulties, the Board met its burden of going forward with evidence to demonstrate that the denial of the requested variance was reasonably related to the public welfare *(see, Matter of Palmieri v Board of Zoning & Appeals,* 144 AD2d 561). On this point, we note that the Board's findings that the proposed variance would cause a hazard to the existing residents, impede traffic and unreasonably interfere with the process of snow removal are fully supported by the record.

Accordingly, we find that the Board's determination was supported by substantial evidence and that the petition was properly dismissed *(see also, Graziano v Scalafani,* 143 AD2d 664). Mollen, P. J., Spatt, Sullivan and Rosenblatt, JJ., concur.