■ In the Matter of DONALD WIGGIN, Appellant, v ROY M. KERN, as Chairman of the Board of Zoning Appeals of the Town of Smithtown, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Smithtown, dated October 18, 1988, which, after a hearing, denied the petitioner's application for a variance, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Mullen, J.), entered March 31, 1989, which confirmed the determination and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner is the owner of a parcel of land, which measures 4,000 square feet in area and is situated in a residentially zoned district in the Town of Smithtown. After entering into a contract to sell this parcel to a third party, the petitioner submitted applications for several variances for the

purpose of constructing a one-family dwelling on the property. Specifically, the petitioner sought an area variance reducing the minimum lot area requirements from 10,000 square feet to 4,000 square feet, reducing the minimum frontage from 75 feet to 40 feet, and reducing the minimum side yard setback, total side yard and rear yard setback requirements.

A hearing was conducted at which testimony was elicited that the petitioner and his wife jointly owned an adjacent parcel and had maintained both parcels as a single piece of property. Additionally, the Board of Zoning Appeals (hereinafter the Board) received into evidence a real estate listing which indicated that the petitioner had offered both parcels for sale as a single unit, for one selling price.

Town of Smithtown Zoning Code § 54-13 (B) (4) (G) provides that the Board has the authority to grant a variance with respect to a substandard lot only where the lot has been separately owned in good faith and does not adjoin any lot under the same practical or effective ownership. Relying upon this provision, the Zoning Board concluded that since the subject lot was held under the same practical or effective ownership as the adjacent lot, the petitioner was not entitled to the variances which he requested. The Supreme Court confirmed the Board's determination and the petitioner now appeals.

Contrary to the petitioner's contentions, we find that the Board properly denied the petitioner's applications for area variances based upon Town of Smithtown Zoning Code § 54-13 (B) (4). The evidence adduced at the hearing supported the Board's determination that the subject parcels were not maintained under single and separate ownership, as the petitioner had alleged, and that the merger doctrine was applicable and justified the denial of the petitioner's request for area variances.

*Matter of Blue Ridge Gardens v Oswald* (44 AD2d 567), upon which the petitioner relies, does not compel a contrary result. There, the court concluded that the two lots in question were not adjoining parcels but, instead, formed an "L" shape, thereby exempting the property from the scope of the ordinance. The record in this case, however, establishes that the parcels owned by the petitioner did not form an "L" shape. Rather, a review of the survey map reveals that the parcels share a contiguous border and that they do, in fact, adjoin each other. Since the Board's determination was supported by substantial evidence and since its interpretation of the applicable provisions of the Zoning Code was neither

arbitrary nor capricious, the judgment confirming the Board's determination and dismissing the proceeding is affirmed. Brown, J. P., Rubin, Eiber and Rosenblatt, JJ., concur.