■ In the Matter of RICHARD M. EWERS, Respondent, v

ZONING BOARD OF APPEALS OF THE TOWN OF BROOKHAVEN et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Brookhaven, dated March 16, 1988, which, after a hearing, denied the petitioner's application for a variance, the appeal is from a judgment of the Supreme Court, Suffolk County (Fierro, J.), entered October 31, 1988, which annulled that determination and, *inter alia,* directed that the variance be granted.

Ordered that the judgment is reversed, on the law, with costs, and the proceeding is dismissed on the merits.

Through one deed, the petitioner obtained 2 adjoining plots, 1 improved by a single-family residence and 1 unimproved. Arguing economic hardship and the existence of nonconforming neighboring properties, the petitioner sought an area variance in order to construct a single-family residence on the unimproved lot. Concluding that the plots were not single and separate and that the petitioner had not demonstrated "practical difficulties", the appellant Zoning Board of Appeals of the Town of Brookhaven denied his application. The court, however, found that the plots retained their single and separate status and that the petitioner demonstrated "practical difficulties". Therefore, it concluded that the variance was warranted and granted the petition. We disagree.

It is settled that where a lot has been held in single and separate ownership since a date prior to the enactment of a zoning ordinance which renders it substandard, the owner is entitled to an area variance as of right *(see, e.g., Matter of Morin v Zoning Bd. of Appeals,* 163 AD2d 389; *Matter of M.E.F. Bldrs. v Siegel,* 162 AD2d 533; *Cange v Scheyer,* 146 AD2d 594; *Matter of Barreto v Zoning Bd. of Appeals,* 123 AD2d 692; *Modular Homes Corp. v Combs,* 115 AD2d 527). In the instant case, however, the record does not reveal whether the plots were held in single and separate ownership prior to the upzoning. Moreover, Brookhaven Town Code § 85-2 (c) provides that *"whenever* a single lot, which has been exempted from the area width and yard requirements by reason of such lot being in single and separate ownership * * * is joined by common ownership to an abutting lot, the greater area width and yard requirements shall apply to the increased size lot" (emphasis supplied). Regardless of whether the plots once were once held in single and separate ownership, this provision clearly indicates that they have since merged *(see, e.g., Matter of Wiggin v Kern,* 161 AD2d 716; *Matter of Faranda v Schoepflin,* 21 AD2d 801).

Accordingly, to be entitled to an area variance, the petitioner was required to demonstrate that strict compliance with the zoning law would cause "practical difficulties" *(see, Matter of Fuhst v Foley,* 45 NY2d 441; *Barrett v Rose,* 152 AD2d 525). Because the petitioner only presented proof as to how much the value of the property would be reduced if a variance were withheld, and declined to present any evidence as to the purchase price of the property, he has failed to demonstrate significant economic injury *(see, Matter of Cowan v Kern,* 41 NY2d 591; *Barrett v Rose, supra; Matter of Campus v Delany,* 62 AD2d 990). Thus, the denial of the area variance was neither illegal, arbitrary, nor an abuse of discretion *(see, Matter of Pacheco v De Salvo,* 127 AD2d 957). Kunzeman, J. P., Eiber, Sullivan and Rosenblatt, JJ., concur.