■ In the Matter of NICHOLAS PETIKAS, Appellant, v JOHN O'LEARY, as Chairman of the Board of Zoning Appeals of the Town of Oyster Bay, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of Oyster Bay, dated August 24, 1988, denying the petitioner's application for an area variance, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Morrison, J.), dated June 6, 1989, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner claims that the Board of Zoning Appeals of the Town of Oyster Bay arbitrarily and unreasonably rejected his claim that the subject property was "single and separate" from adjoining premises, thereby entitling him to the variance as of right. Even if a merger had occurred, he argues that the variance should have been granted on the ground of "practical difficulties". We disagree.

"It is settled that where a lot has been held in single and separate ownership since a date prior to the enactment of a zoning ordinance which renders it substandard, the owner is entitled to a variance as of right" *(Matter of Ewers v Zoning Bd. of Appeals,* 165 AD2d 873; *see generally,* 1 Anderson, New York Zoning Law and Practice § 9.43 [3d ed]). But where the plots have "merged", the single and separate exception is inapplicable *(see, Matter of Ewers v Zoning Bd. of Appeals, supra; Matter of Faranda v Schoepflin,* 21 AD2d 801).

Town of Oyster Bay Code § 319 (a) basically provides that a merger occurs between "any adjoining land or property" once "the same person or persons acquire, obtain or have fee ownership in both parcels whether by purchase, sale, devise, gift or otherwise". Since it is undisputed that the same parties held title to both the subject premises and the adjoining premises for over 20 years, a merger clearly occurred *(see, Matter of Ewers v Zoning Bd. of Appeals, supra; Matter of Wiggin v Kern,* 161 AD2d 716).

Thus, the petitioner was required to demonstrate "practical difficulties" to be entitled to an area variance *(see, Matter of Fuhst v Foley,* 45 NY2d 441; *Barrett v Rose,* 152 AD2d 525).

The petitioner, however, declined to present any proof as to the purchase price of the property and, therefore, failed to demonstrate significant economic injury *(see, Matter of Cowan v Kern,* 41 NY2d 591; *Barrett v Rose, supra; Matter of Campus v Delany,* 62 AD2d 990). Accordingly, the denial of the variance was neither illegal, arbitrary, nor an abuse of discretion *(see, Matter of Pacheco v De Salvo,* 127 AD2d 597).

We have considered the petitioner's remaining contention and ·find it to be without merit. Thompson, J. P., Brown, Sullivan and Miller, JJ., concur.