■ In the Matter of CRAIG HARWOOD et al., Respondents, v BOARD OF TRUSTEES OF THE INCORPORATED VILLAGE OF SOUTHAMPTON, Appellant.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the Incorporated Village of Southampton, dated July 14, 1989, which, after a hearing, *inter alia,* denied the petitioners' application for permission to construct a walkway and dock on an easement in favor of their property, the appeal is from a judgment of the Supreme Court, Suffolk County (Mullen, J.), dated January 18, 1990, which annulled its determination and remitted the matter to the appellant for reconsideration.

Ordered that on the court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal, the application is referred to Justice O'Brien, and leave to appeal is granted by Justice O'Brien (CPLR 5701 [b] [1]); and it is further,

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed and the proceeding is dismissed on the merits.

In a proceeding pursuant to CPLR article 78, a court may not substitute its judgment for that of the body it reviews if the decision made after a hearing is supported by substantial evidence and is not arbitrary or an abuse of discretion *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222). Where the determination of responsible local officials in the affected community has a rational basis and is supported by substantial evidence, it will be sustained *(see, Matter of Fuhst v Foley,* 45 NY2d 441). Here the appellant's determination to deny the petitioners permission to construct a 405-foot walkway and dock, made after a public hearing and an inspection of the affected property, is supported by the record and should not be disturbed. Kooper, J. P., Lawrence, Eiber and O'Brien, JJ., concur.