■ In the Matter of SILVIO PIRONI, Appellant, v HENRY W. ROSE et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of Hempstead dated February 7, 1989, which, after a hearing, denied the petitioner's applications for area variances, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Kutner, J.), entered May 23, 1990, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner applied for certain area variances on his Hempstead property, the westerly portion of which is zoned "business" and the easterly portion of which is zoned "residence C", so that he could construct a warehouse on the westerly portion and a single family dwelling on the easterly portion. In effect, the application entailed the subdivision of the property into two substandard parcels which did not meet the area and width requirements set forth by the applicable zoning ordinance.

The petitioner claimed that the single and separate ownership doctrine was applicable to his property, and to each portion thereof, because the property had not been held in common ownership with any adjoining parcels since before the adoption of the ordinance (see, Matter of MacKay v Mayhall, 92 Misc 2d 868, 870-871; Matter of Creamer v Young, 16 Misc 2d 676). Consequently, he was entitled to the variances as of right (see, Matter of M.E.F. Bldrs. v Siegel, 162 AD2d 533, 534; Matter of Daremy Land Dev. Corp. v Board of Appeals, 150 AD2d 375, 376).

The Board of Zoning Appeals of the Town of Hempstead (hereinafter the Board) disagreed, finding that a denial of the requested subdivision and variances would not constitute an unconstitutional taking of the petitioner's property without compensation, unlike the case of Matter of Creamer v Young (supra), where the unique L-shaped configuration of the property made it unsuitable for any building purpose unless subdivided (see also, Matter of Siciliano v Scheyer, 150 AD2d 460, 463-464, overruled on limited grounds by Matter of Kransteuber v Scheyer, 176 AD2d 724).

The Board further found that, despite the dual zoning of the parcels, the record revealed that over time they had been used in conjunction with each other and had thus "merged" into one (see, Matter of Morin v Zoning Bd. of Appeals, 163 AD2d 389, 390; Matter of Cicenia v Zoning Bd. of Appeals, 157 AD2d 722, 724; Barrett v Rose, 152 AD2d 525, 526-527). Consequently, even if the single and separate doctrine were still applicable to the whole of the property, it would not be applicable to its individual parts, entitling the petitioner to the requested variances as of right. In addition, the Board found that the requested subdivision was out of character with the surrounding area, and further found that denying the petitioner's requests would not cause economic injury or practical difficulties to befall him because his property had been, and continued to be, suitable for residential use.

The law is well settled that local zoning boards have discretion in considering applications for variances and that judicial review is limited to determining whether the action taken by the board is illegal, arbitrary, or an abuse of discretion *(see, Matter of Fuhst v Foley,* 45 NY2d 441, 444; *Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309, 314; *Barrett v Rose, supra,* at 526). The board's determination will ordinarily be sustained if it has a rational basis and is supported by substantial evidence *(see, Matter of Fuhst v Foley, supra,* at 444; *Matter of Harwood v Board of Trustees,* 176 AD2d 291).

Since the record revealed that the Board's determination was neither arbitrary nor capricious but rather, had a rational basis and was supported by substantial evidence, we find that the court did not err in sustaining the determination. Bracken, J. P., Harwood, Balletta and Copertino, JJ., concur.