■ In the Matter of ELIZABETH C. RICHARD, Appellant, v T. DAVID MULLEN, as Chairman of the Zoning Board of Appeals of the Village of Quogue, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Quogue dated August 25, 1989, which, after a hearing, denied the petitioner's application for certain zoning area variances, the petitioner appeals from a judgment of the Supreme Court, Suffolk

County (Doyle, J.), entered May 4, 1990, which confirmed the determination and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner applied for certain zoning area variances in regard to her parcel of land (measuring 25 feet by 500 feet) in Suffolk County, so that she might construct a single-family dwelling thereon. The parcel is located in an A-1 residence district. Because of the extent of the requested variances, as well as their potential adverse effect on the neighborhood, the application was denied.

The law is well settled that local zoning boards have discretion in considering applications for variances and that judicial review is limited to determining whether the action taken is illegal, arbitrary, or an abuse of discretion (see, Matter of Fuhst v Foley, 45 NY2d 441, 444; Conley v Town of Brookhaven Zoning Bd. of Appeals, 40 NY2d 309, 314; Barrett v Rose, 152 AD2d 525, 526). A determination will ordinarily be sustained if it has a rational basis (see, Matter of Fuhst v Foley, supra, at 444; Matter of Harwood v Board of Trustees, 176 AD2d 291).

The determination at issue here is neither arbitrary nor capricious but, rather, has a rational basis.

We further disagree with the petitioner's contention that the action of the Zoning Board of Appeals of the Village of Quogue amounted to an unconstitutional taking of her property. The petitioner did not meet her burden of proving beyond a reasonable doubt that the denial of her application deprived her of any use to which the property was reasonably adapted and/or that the property has not already yielded a reasonable return under any of the uses permitted by the zoning ordinance (see, Matter of National Merritt v Weist, 41 NY2d 438, 445-446; Matter of Overhill Bldg. Co. v Delany, 28 NY2d 449, 457; Matter of Siciliano v Scheyer, 150 AD2d 460, 463).

We have considered the petitioner's remaining contention and find it to be without merit. Thompson, J. P., Sullivan, Harwood and Balletta, JJ., concur.