■ In the Matter of HUGO VAN PERLSTEIN et al., Appellants, v RICHARD P. OAKLEY et al., Constituting the Zoning Board of Appeals of the Town of Mt. Pleasant, et al., Respondents. (And Another Related Proceeding.) [611 NYS2d 336] — White J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of

the Supreme Court (Rosato, J.), entered September 17, 1991 in Westchester County, which dismissed petitioners' applications, in two proceedings pursuant to CPLR article 78, to review determinations of the Town of Mt. Pleasant Zoning Board of Appeals granting certain area variances.

In 1945, George Stumpf purchased a parcel of property located on Oak Drive in the Town of Mt. Pleasant, Westchester County, known as Lots 9-10-11 (hereinafter Parcel 1). Thereafter, in 1947, he and respondent Elizabeth Stumpf, his wife, took title as tenants by the entirety to a parcel of vacant land contiguous to the westerly border of Parcel 1 known as Lots 20 and 21 (hereinafter Parcel 2). In 1950, they acquired title as tenants by the entirety to another parcel of vacant land, identified as Lots 12-13-14 (hereinafter Parcel 3), that is contiguous to Parcel 1's northerly border. Parcels 2 and 3 are not contiguous. When the zoning ordinance of respondent Town of Mt. Pleasant was adopted in 1958, these properties were placed in a R-10 zone in which lots must have a minimum area of 10,000 square feet. Parcels 2 and 3 then became substandard lots as they lack the requisite 10,000 square feet of area. When George Stumpf died in 1986, Elizabeth Stumpf, as his distributee, took title to Parcel 1.

Sometime in 1990, Elizabeth Stumpf and respondent Barbara DeMuth (hereinafter collectively referred to as respondents) applied for building permits to construct one-family residences on Parcels 2 and 3. Following the denial of their applications, respondents appealed to the Town Zoning Board of Appeals (hereinafter ZBA). At the conclusion of public hearings, the ZBA granted respondents an area variance for Parcel 3 on December 13, 1990 and one for Parcel 2 on February 14, 1991. Petitioners then commenced two CPLR article 78 proceedings challenging the ZBA's actions. After Supreme Court dismissed their petitions, petitioners took this appeal.

Pursuant to the Town's zoning ordinance, owners of substandard lots are allowed to erect dwellings on such lots. This exception, however, is not available: "Where the owner of a lot or parcel smaller than is required by this ordinance for the district in which it lies, also owned * * * at the time of the passage of this ordinance * * * other lots or parcels contiguous thereto, such other lots or parcels * * * shall be combined with the original lot or parcel to make a single conforming lot or parcel, whereupon a zoning permit may be issued, but only for such combined lots or parcels" (Zoning Ordinance of Town

of Mt. Pleasant § 46-68 [A]). Petitioners contend that the exception should not apply because Elizabeth Stumpf is the owner of contiguous lots as the result of the merger that occurred when she took title to Parcel 1.

As pointed out by Supreme Court, in the absence of a specific merger clause, a merger is generally not effected merely because adjoining parcels come into common ownership *(see, Matter of Allen v Adami,* 39 NY2d 275, 278; *Matter of Barkus v Kern,* 160 AD2d 694, 696). Inasmuch as the Town's zoning ordinance does not contain a specific merger clause, Elizabeth Stump's acquisition of the title to Parcel 1 in 1986 did not result in a merger *(compare, Matter of Petikas v O'Leary,* 170 AD2d 684). Therefore, because an owner of a lot that is rendered substandard by a zoning ordinance is entitled to an area variance as a matter of right, Supreme Court's dismissal of the petitions was proper *(see, Matter of Ewers v Zoning Bd. of Appeals,* 165 AD2d 873, 874).

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ. Ordered that the judgment is affirmed, without costs.