■ In the Matter of CRAIG MEADOW, Appellant, v LAURA J. MANSI et al., Respondents. [723 NYS2d 692] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Huntington, dated October 1, 1998, which, after a hearing, denied the petitioner's applications for area, width, and yard variances for two nonconforming tax lots, numbers 53 and 55, in order to build a single-family home on each, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Doyle, J.), dated November 29, 2000, which denied the petition and dismissed the proceeding.

Ordered that the notice of appeal from an order of the same court, dated January 18, 2000, is deemed a premature notice of

appeal from the judgment (*see,* CPLR 5520 [c]); and it is further,

Ordered that the judgment is modified, on the law, by deleting the provision thereof denying so much of the petition as sought to annul the determination with respect to tax lot 53 and substituting therefor a provision granting the petition as to that tax lot, so much of the determination as concerned tax lot 53 is annulled, and the matter is remitted to the respondents for the issuance of area, width, and yard variances for tax lot 53; as so modified, the judgment is affirmed, without costs or disbursements.

In 1992 the petitioner, Craig Meadow, acquired title to tax lots 53 and 55 in the Town of Huntington, through two separate deeds. Tax lots 53 and 55 are each comprised of two subdivision lots, which are identified on a subdivision map that was filed with the Suffolk County Clerk before the 1934 enactment of the Town's zoning ordinance concerning area, width, and yard variances. Meadow's predecessors in interest to both tax lots also owned tax lot 54, which is between tax lots 53 and 55. However, the Town did not enact a merger provision in its zoning ordinances until May 1998 (*see,* Code of Town of Huntington § 198-118 [F]).

Although tax lot 53 is adjacent to tax lot 54, and tax lot 54 is adjacent to tax lot 55, the fact that they were in common ownership at one time did not result in a merger of the tax lots (*see, Matter of Diem v Teitelbaum,* 253 AD2d 823; *Matter of Allen v Adami,* 39 NY2d 275). The merger provision was enacted after tax lots 53 and 55 had been conveyed to Meadow and tax lot 54 had been conveyed to a third person. Tax lots 53 and 55 did not merge as they are not adjacent to each other, and neither could merge with tax lot 54, as lot 54 was owned by someone other than Meadow (*see,* Code of Town of Huntington § 198-118 [F]). As construction is permitted on nonconforming lots which have single and separate status, and on lots which had such status before the adoption of more restrictive zoning ordinances, Meadow was entitled to area, width, and yard variances for tax lot 53 (*see,* Code of Town of Huntington former § 198-109 [E]; *Matter of Khan v Zoning Bd. of Appeals,* 87 NY2d 344).

However, witnesses testified that Meadow's predecessors in interest treated tax lots 54 and 55 as one parcel, and used tax lots 54 and 55 such that each lot materially enhanced the value of the other. Therefore, the determination as to tax lot 55 was neither arbitrary nor capricious (*see, Matter of Pell v Board of Educ.,* 34 NY2d 222; *Matter of Pironi v Rose,* 180 AD2d 740;

*Barrett v Rose,* 152 AD2d 525; *Matter of Barretto v Zoning Bd. of Appeals,* 123 AD2d 692). Ritter, J. P., Krausman, S. Miller and Feuerstein, JJ., concur.