Memgrandum. The order of the Appellate Division should be affirmed.
 

 In the general rezoning adopted by the City of Yonkers in 1968, section 107-55 (D) (2) was included in the amending ordinance to afford protection, in the specified instances, to property which prior to the 1968 enactment had conformed to zoning requirements but which would otherwise have violated the new, more restrictive minimum standards as to lot area and width. Appellant cannot avail himself of this provision, however, to shelter his property from the 200-foot frontage requirement of the 1968 ordinance because the 87.70-foot frontage of his lot had not conformed to the pre-1968 frontage requirement of 100 feet. Appellant is not, therefore, entitled to relief under this section.
 

 
 *833
 
 Nor can we conclude that, consideration of section 107-55 (D) (2) aside, it was an abuse of discretion on the part of the Zoning Board of Appeals to have denied appellant’s application for a variance in this instance. When appellant purchased his lot in 1965, he was aware that it did not then conform to zoning standards. Nonetheless at that time he and his wife occupied the premises adjoining on the northeast as their residence, and he made the purchase as an accommodation to the then owner of the property who was selling a major portion to a neighbor who did not have financial resources to acquire the entire property.
 

 The fact that appellant’s present predicament can be said to be self-created would not, however, mandate the automatic denial of his application. What is determinative is the fact that, while plausible argument is advanced that appellant may have suffered economic loss, there is no proof of the existence or dimension of such loss. Appellant has not demonstrated that his lot cannot be put to reasonable use or that the denial of his application otherwise works an impermissible confiscation. In these circumstances it cannot be held that the denial of appellant’s application for a variance was arbitrary or unlawful.
 
 (Matter of Cherry Hill Homes v Barbiere,
 
 28 NY2d 381, 384.)
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 Order affirmed, with costs, in a memorandum.