In the Matter of PETER SCAGLIONE et al., Respondents, v IGNATIUS LUCIANI et al., Constituting the Zoning Board of Appeals of the City of Yonkers, et al., Respondents, and MARION DUDEK et al., Intervenors-Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the Zoning Board of Appeals of the City of Yonkers, made October 19, 1976 after a public hearing, which denied the application of petitioner Scaglione for a variance, the intervenors appeal from a judgment of the Supreme Court, Westchester County, entered May 27, 1977, which annulled the determination and directed that the variance be granted. Judgment affirmed, with costs to petitioners payable by appellants, upon the opinion of Mr. Justice Trainor at Special Term. Martuscello, J. P., Titone and Cohalan, JJ., concur; Suozzi, J., dissents and votes to reverse the judgment, confirm the determination and dismiss the proceeding on the merits, with the following memorandum: In my view, the application for an area variance was properly denied by the respondent zoning board of appeals. Petitioners herein are the contract vendors and the contract vendees of a vacant lot in Yonkers. The contract was signed on September

12, 1975 and was subject to the issuance of a building permit. The lot failed to meet the requirement of the zoning ordinance that the street frontage be 37½ feet; the frontage of the subject lot on Dellwood Road was only 35 feet. Section 107-55 (D) (2) of the ordinance provided for a waiver of any area requirements if the lot was "separately owned, and not adjacent to any lot in the same ownership at the time of the passage of this chapter." In reliance on the premise that the zoning ordinance containing the frontage requirement was enacted on July 3, 1968, the contract vendees submitted proof to the director of the Bureau of Housing and Buildings that the contract vendors had owned the subject lot in single and separate ownership since March 18, 1966. In response to a further request from the director to submit proof of ownership from May 25, 1963 to July 1, 1968, proof was submitted which indicated that the subject lot, as well as the adjoining lot, had been conveyed as one parcel to Ida Kohlberg (a member of the family of the contract vendors) on March 28, 1961. In September, 1964 she conveyed the adjoining lot to a third party and on March 18, 1966 she conveyed the subject lot to the contract vendors. The director rejected the application of petitioner Scaglione, one of the contract vendees, for a permit. The director took the position that: (1) a zoning ordinance adopted on May 28, 1963 (and still in effect) provided that a lot shall have "street frontage * * * in an amount not less than one-half (½) of the lot width as required in the particular district"; (2) the subject lot had insufficient street frontage as required by the 1963 ordinance (i.e., 35 feet instead of 37½ feet); (3) when the 1963 zoning ordinance was enacted Ida Kohlberg owned both the subject lot and the adjoining lot; thus, the subject lot was not a distinct parcel, in single and separate ownership, which was made substandard by the enactment; and (4) the waiver provision of section 107-55 (D) (2) had to be based upon the condition of ownership as of May 28, 1963 and was, therefore, not applicable in this matter. Scaglione then applied to the zoning board of appeals for an area variance. The zoning board of appeals denied the application on the ground, *inter alia,* that the contract vendors' predecessor in title (Ida Kohlberg), in violation of the 1963 zoning ordinance, "took a conforming parcel of land, split it, and thus inflicted on himself *[sic]* a less useful or even useless piece of parcel. This act created a self-imposed hardship and the courts have held that is not grounds for a variance." The Special Term, citing *Matter of Craig v Zoning Bd. of Appeals of City of Yonkers* (41 NY2d 832), initially noted that the waiver provision of section 107-55 (D) (2) of the 1968 zoning ordinance only afforded protection to property which conformed to the pre-1968 provisions of the zoning ordinance but which violated the more restrictive standards of the 1968 ordinance. The Special Term conceded that the subject lot did not conform to the street frontage requirement of the 1963 zoning ordinance and that the Director of the Bureau of Housing and Buildings acted properly in denying the building permit. Although the Special Term noted that the contract vendors' predecessor in title had split the parcel and had thereby created a substandard plot under the 1963 ordinance, it nevertheless annulled the board's determination on the ground that "A self-imposed hardship is not a bar to the granting of the requested area variance." The Special Term concluded by holding that only "a practical difficulty need be shown to warrant the granting of an area variance" and that this requirement had been met. The majority of this court has chosen to affirm the judgment of the Special Term without any elaboration. I disagree with the Special Term and the majority. In my view, the facts adduced on this record present another example of a self-created hardship which, under present law, as

enunciated by the Court of Appeals, is a sufficient basis to warrant a denial of an area variance. It has been stated by one authority that "If the peculiar circumstances which render the property incapable of being used in accordance with the restrictions contained in the ordinance have been themselves caused or created by the property owner or his predecessor in title, the essential basis of a variance, i.e., that the hardship be caused *solely* through the manner of operation of the ordinance upon the particular property, is lacking" (3 Rathkopf, Law of Zoning and Planning [4th ed], ch 48, § 1, p 48-1 [emphasis in original]). *Matter of 113 Hillside Ave. Corp. v Zaino* (27 NY2d 258) is clearly applicable to the facts at bar. In *Hillside,* the corporate petitioner owned a lot (Lot No. 14) with street frontage of 25 feet; the ordinance required street frontage of 75 feet. As in the case at bar, the subject parcel in *Hillside* was the only substandard parcel in the area. The lot was originally part of a single, larger plot which petitioner's predecessor in title—a brother of a half owner of the corporation—had acquired in 1965. The latter subdivided the original parcel into three smaller lots and conveyed Lot No. 14, along with an adjoining lot (Lot No. 15), to petitioner. Lot No. 16 was sold to a third party. Lots Nos. 15 and 16 satisfied all of the requirements of the zoning ordinance. Petitioner applied to the village board of appeals for an area variance. The board denied the application on the grounds that it would: (1) change the essential character of the area; (2) impair public health, safety and welfare; and (3) allow petitioner to benefit from its own deliberate act of effecting the "split-off" (p 261). The Special Term annulled the board's determination and directed that the variance be granted. The Appellate Division affirmed (33 AD2d 1046). The Court of Appeals reversed the order of the Appellate Division, dismissed the petition and reinstated the board's determination. In so doing, it advanced as its first ground for reversal the third reason advanced by the board, i.e., that the condition for which the variance was sought was a self-created hardship. In this regard, the court specifically stated *(Matter of 113 Hillside Ave. Corp. v Zaino, supra,* p 261): "It is settled that the courts will not interfere with the determination made by a zoning board * * * which denies a requested area variance where * * * the substandard condition results from the owner's own decision to subdivide his property in such a way as to create one or more nonconforming plots". Although a self-imposed hardship does not prevent a zoning board from granting a variance in a proper exercise of discretion *(Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309), "the existence of a self-created hardship does not entitle the landowner to demand a variance" *(Matter of Cowan v Kern,* 41 NY2d 591, 597). In the case at bar, it is undisputed that the contract vendors' predecessor in title subdivided her parcel so as to create two lots, one of which, the subject lot, had insufficient street frontage as required by the 1963 ordinance. Under these circumstances, and in the absence of any showing that the denial of the application constituted an impermissible confiscation, it cannot be held that the denial was arbitrary and unlawful. Quite apart from that ground, the evidence in the record indicates that the contract vendors may not even own frontage on Dellwood Road of 35 feet, but rather, at most, may own 17½ feet of frontage, which is less than the absolute minimum frontage prescribed in the zoning ordinance for any lot, which is 25 feet. Accordingly, there was no basis for the granting of an area variance in the case at bar.