■ In the Matter of PHILIP P. AGUSTA et al., Petitioners, v GASTON SILVA, as Chair of the Board of Standards and Appeals of the City of New York, Respondent. [608 NYS2d 623] — Determination of the New York City Board of Standards and Appeals (BSA) dated September 24, 1991, which denied petitioners' application for a zoning variance, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred by order and judgment [one paper] of the Supreme Court, Queens County [Edwin Kassoff, J.], entered on or about March 19, 1992), is dismissed, without costs.

This proceeding was improperly transferred to the Appellate Division pursuant to CPLR 7804 (g) since the BSA's determination was not "made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law" pursuant to CPLR 7803 (4) *(see, Matter of Department of Envtl. Protection v Department of Envtl. Conservation,* 120 AD2d 166, 169, *lv denied* 69 NY2d 921; *Matter of Holy Spirit Assn. for Unification of World Christianity v Tax Commn.,* 62 AD2d 188, 193). Notwithstanding such improper transfer, that Court retains jurisdiction in the interest of judicial economy, applying the applicable standard of whether the determination was arbitrary and capricious *(Matter of Holy Spirit Assn. for Unification of World Christianity v Tax Commn., supra),* which issue was determined by the IAS Court in the negative. We agree.

Petitioner Ruth Salstein is the owner of record of premises located at 132-08 Crossbay Boulevard in Ozone Park, Queens. Petitioner Anthony Bono is the lessee of the premises and operates a restaurant on the first floor. The property is in an R4 residential district, and the restaurant is operated as a legal non-conforming use, which existed prior to the time that the area was zoned residential. Petitioners seek a variance of the New York City Zoning Resolution in order to expand the premises to enlarge the kitchen and to accommodate additional patrons. The Board of Standards and Appeals properly determined that petitioners failed to make the threshold showing of "practical difficulties" or "unnecessary hardship"

pursuant to section 72-21 of the Zoning Resolution. The determination to deny the application for a variance, therefore, was not arbitrary, capricious or an abuse of discretion.

It is well established that while zoning authorities may not prohibit a prior non-conforming use, they may restrict the right of an owner to enlarge or extend the use or rebuild or make alterations on the property *(Matter of Harbison v City of Buffalo,* 4 NY2d 553, 559). A showing of "practical difficulty" requires a showing "that a property owner cannot utilize the property without violating zoning ordinance restrictions" *(Matter of Doyle v Amster,* 79 NY2d 592, 595). Here, the petitioning owner still enjoys the rental income paid by the petitioning tenant, and the record does not establish that the petitioners are losing money or cannot make a reasonable return on their initial investments. In order to prevail on the application "the land owner must demonstrate factually, by dollars and cents proof, an inability to realize a reasonable return under existing permissible uses" *(Matter of Governale v Board of Appeals,* 121 AD2d 539, 540), and it is of no significance that there is proof that with the variance, the property would yield a greater return *(Matter of Doyle v Amster, supra,* at 594, 596).

In light of petitioners' failure to meet the threshold requirements for obtaining a variance, it is unnecessary to address petitioners' remaining arguments. Concur—Sullivan, J. P., Ellerin, Asch and Tom, JJ.