■ In the Matter of LEON DELMARCO, Respondent, v ZONING BOARD OF APPEALS OF THE TOWN OF BABYLON, Appellant. [614 NYS2d 187] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Babylon denying the petitioner's application for area and use variances, the appeal is from a judgment of the Supreme Court, Suffolk County (Fierro, J.), entered June 16, 1992, which annulled the determination and remitted the matter for a hearing.

Ordered that on the court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted *(see,* CPLR 5701 [c]); and it is further,

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed, and the proceeding is dismissed on the merits.

During the hearing on his application for a use variance, the petitioner failed to meet the burden of demonstrating unnecessary hardship *(see, Matter of Village Bd. v Jarrold,* 53 NY2d 254, 257-258; *Matter of Crossroads Recreation v Broz,* 4 NY2d 39, 44-46; *Matter of Miltope Corp. v Zoning Bd. of Appeals,* 184 AD2d 565, 566). Absent a factual demonstration "by dollars and cents proof [of] an inability to realize a reasonable return under existing permissible uses", the appellant properly denied the application for a use variance *(Matter of Agusta v Silvan,* 201 AD2d 405; *see also, Matter of Giava v Zoning Bd. of Appeals,* 188 AD2d 466). While the petitioner's attorney argued that the appellant failed to consider the transcript of a prior hearing held on March 2, 1989, which allegedly demonstrated unnecessary hardship, the minutes of that meeting fail to refer to any evidence other than that submitted at the continued hearing on the matter. Because the application for a use variance was properly denied, the application for an area variance was rendered academic. In any event, the petitioner failed to demonstrate practical difficulties, significant economic injury, or any other factors which would militate in favor of the granting of an area variance *(see, Matter of Doyle v Amster,* 79 NY2d 592, 595; *Matter of Fuhst v Foley,* 45 NY2d 441, 445; *Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309, 314). Thompson, J. P., Sullivan, Ritter and Friedmann, JJ., concur.