■ In the Matter of ROY DEBEER et al., Respondents, v ZON-ING BOARD OF APPEALS OF THE CITY OF LONG BEACH, Respondent, and 1051 REALTY CORP. et al., Intervenors-Appellants. [641 NYS2d 404] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the City of Long Beach dated June 25, 1993, which, after a hearing, granted the intervenors a use variance, the intervenors appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (Roncallo, J.), entered August 24, 1994, as, granted reargument to the petitioners and, upon reargument, granted the petition and annulled the determination.

Ordered that order is affirmed, insofar as appealed from, with costs.

The intervenors sought to remodel and add to their restaurant and bar, which is located in a residential neighborhood. The use of the property is a pre-existing non-conforming use. Contrary to the intervenors' contention, the recitation by their attorney at the hearing of the costs of operating the restaurant and bar, without any evidence of how those costs affect their return, is not sufficient to establish an unnecessary hardship (*Matter of Village Bd. v Jarrold*, 53 NY2d 254, 260; *see also, Matter of Board of Commrs. v Board of Zoning & Appeals*, 188 AD2d 464). Thus, as the Supreme Court found, the determination of the Zoning Board of Appeals is arbitrary and capricious (*see,* CPLR 7803 [3]).

The intervenors' remaining contentions are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Miller, O'Brien and McGinity, JJ., concur.

■ In the Matter of BEN ZION FRIEDMAN, Appellant, v ORANGE COUNTY BOARD OF ELECTIONS et al., Respondents. [642 NYS2d 528] —Appeal by the petitioner from a judgment of the Supreme Court, Orange County (Rosato, J.), dated December 19, 1994.

Ordered that the judgment is affirmed, with costs, for reasons stated by Justice Rosato at the Supreme Court. Miller, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.