■ In the Matter of DONALD FERRUGGIA et al., Appellants, v ZONING BOARD OF APPEALS OF TOWN OF WARWICK et al., Respondents. [649 NYS2d 946] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the Town of Warwick, dated May 29, 1993, which, after a hearing, granted the application of the respondent Edwin Wiley for a use variance for a certain parcel of real property, the petitioners appeal from a judgment of the Supreme Court, Orange County (Smith, J.), dated September 22, 1995, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is granted, the determination granting Edwin Wiley a use variance is annulled, and the application is denied.

The respondent Edwin Wiley, the contract vendee of a vacant, residentially-zoned parcel of real property which is the subject of this proceeding, applied for a use variance in order to construct a two-story business or professional office building thereon. Following a hearing, the respondent Zoning Board of Appeals of the Town of Warwick (hereinafter the ZBA) granted the application in a resolution dated May 29, 1993. The petitioners commenced the instant proceeding to annul the resolution, contending, inter alia, that the evidence failed to

support a finding of unnecessary hardship. In a subsequent order, the Supreme Court rejected the unnecessary hardship argument, but remitted the matter to the ZBA for a determination as to a distinct issue which is not before us on this appeal. Thereafter, the ZBA rendered an additional resolution, dated February 27, 1995, which was limited to that issue and was adverse to the petitioners. In a final judgment dated September 22, 1995, the Supreme Court dismissed the proceeding in its entirety. We reverse.

The petitioners were not obligated to commence a second CPLR article 78 proceeding in order to challenge the ZBA's additional resolution since, as the ZBA currently concedes, the Supreme Court retained jurisdiction over the proceeding when it remitted the matter to the ZBA (see, Matter of Seeler v Planning Bd., 53 AD2d 632). Moreover, contrary to the contention of the ZBA, the petitioners are presently entitled to appellate review of the unnecessary hardship issue, which was previously rejected by the Supreme Court and which necessarily was brought up for review only in the final judgment. Indeed, the unnecessary hardship issue was neither remitted to nor considered by the ZBA in connection with its additional resolution. Accordingly, even if the motion of the petitioners challenging the additional resolution was untimely (see, Town Law § 267-c [1]), such untimeliness would not preclude review of the unnecessary hardship issue.

Turning to the merits of that issue, it is well settled that "unnecessary hardship" requires proof of the following elements: "(1) [that] the applicant cannot realize a reasonable return, provided that lack of return is substantial as demonstrated by competent financial evidence; (2) that the alleged hardship relating to the property in question is unique, and does not apply to a substantial portion of the district or neighborhood; (3) that the requested use variance, if granted, will not alter the essential character of the neighborhood; and (4) that the alleged hardship has not been self-created" (Town Law § 267-b [2] [b]; see, Matter of Village Bd. v Jarrold, 53 NY2d 254; Matter of Otto v Steinhilber, 282 NY 71; Matter of Elwood Props. v Bohrer, 216 AD2d 562). With regard to the first element, it is clear that "before a claim that a property is yielding less than a reasonable return may properly be interposed, the reasonable return for that property must first be known or at least be ascertainable" (Matter of Crossroads Recreation v Broz, 4 NY2d 39, 45). Moreover, the courts have consistently required "proof, in dollars and cents form, of all matters bearing upon the return available under existing zon-

ing" *(Matter of Village Bd. v Jarrold, supra,* at 257; *see, Matter of DeBeer v Zoning Bd. of Appeals,* 226 AD2d 721; *Matter of Delmarco v Zoning Bd. of Appeals,* 204 AD2d 447). Such evidence "must show that no permissible use will yield a reasonable return" *(Matter of Village Bd. v Jarrold, supra,* at 258; *see, Matter of Miltope Corp. v Zoning Bd. of Appeals,* 184 AD2d 565).

In the instant case, the record is devoid of any evidence from which the reasonable return on the property could be determined. While there was some testimony regarding the inability of the owner to sell the property as residential premises, there was no evidence regarding whether other permitted uses within the applicable zoning district would fail to yield a reasonable return *(see, Matter of Forrest v Evershed,* 7 NY2d 256; *Matter of Miltope Corp. v Zoning Bd. of Appeals, supra).*

Similarly, the record fails to demonstrate that the claimed "hardship" was not self-created. "Hardship is self-created, for zoning purposes, where the applicant for a variance acquired the property subject to the restrictions from which he or she seeks relief" *(Matter of Eung Lim-Kim v Zoning Bd. of Appeals,* 185 AD2d 346, 347; *see, Matter of First Natl. Bank v City of Albany Bd. of Zoning Appeals,* 216 AD2d 680; *Matter of Tharp v Zoning Bd. of Appeals,* 138 AD2d 906). The evidence presented at the hearing before the ZBA did not specifically set forth the permitted uses of the property at the time the current owner acquired title. Accordingly, the possibility that the hardship was self-created was not negated. Under these circumstances, the determination of the ZBA granting the use variance was arbitrary and capricious. Sullivan, J. P., Copertino, Santucci and Florio, JJ., concur.