In the Matter of ANTHONY RAMUNDO, Respondent, v PLEASANT VALLEY ZONING BOARD OF APPEALS, Appellant. [839 NYS2d 189]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Pleasant Valley Zoning Board of Appeals dated September 22, 2005, which, after a hearing, denied the petitioner's application for an area variance, the appeal is from a judgment of the Supreme Court, Dutchess County (Pagones, J.), dated March 14, 2006, which granted the petition, annulled the determination, and directed the Pleasant Valley Zoning Board of Appeals to grant the variance.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed, and the proceeding is dismissed on the merits.

In 2004 the petitioner purchased two adjoining, vacant parcels of real property from a single owner, Helen Baldwin. The two lots, which were located in a residential two-acre zoning district, consisted of a 1.6-acre lot with 342.44 feet of frontage on Kay Drive and an adjoining landlocked lot consisting of .96 acres, with no frontage on any street. Baldwin and her husband acquired the front parcel in 1963 from Sebastian S. Kelly and the rear parcel in 1964 from R. Alton Wright and Muriel Wright.

The petitioner proposed creating two buildable lots by creating an easement over the 1.6-acre parcel to provide the rear

landlocked parcel with 27 feet of frontage on Kay Drive. At issue here is the denial of the petitioner's application for an area variance for the rear parcel with respect to the requirements of Pleasant Valley Code § 98-12 (C), which states that "[t]he minimum road frontage in all districts shall be fifty (50) feet." After the Pleasant Valley Zoning Board of Appeals (hereinafter the Zoning Board) informed the petitioner that he also needed an area variance to bring the .96 acre rear parcel into conformity with the two-acre minimum required by the Pleasant Valley Code, the Zoning Board denied both variances.

Throughout the proceedings before the Zoning Board, and in his petition in the Supreme Court, the petitioner characterized his application as an application for an area variance. The Zoning Board cited Town Law § 280-a in support of its argument that the landlocked lot in question was never a legal residential lot since it had no access to a street or highway. In his reply affirmation in the Supreme Court, the petitioner explicitly stated that he was not requesting a variance pursuant to Town Law § 280-a, applicable to the erection of a building on a lot with no access to a mapped street or highway.

The Supreme Court, in the judgment appealed from, found that the landlocked parcel was "undeniably created before the existence of the current ordinance" in 1974, and that therefore no area variance was required. No authority is cited for this proposition, other than Pleasant Valley Code § 98-12 (C), which contains the 50-foot frontage requirement. The Supreme Court found that the petitioner's application to the Zoning Board was in fact an application for an exception to the requirements of Town Law § 280-a, and not an application for an area variance. The Supreme Court further found that "[a]ssuming that application of the area variance criteria was appropriate in these circumstances, the Z[oning] B[oard]'s conclusions are not rational."

The petitioner argues to this Court that since the Zoning Board had no policy mandating the merger of substandard lots owned by a common owner, "lots pre-dating more restrictive zoning laws retain their separate identity and are entitled to variances as a matter of law," citing *Matter of Petikas v O'Leary* (170 AD2d 684 [1991]) and *Matter of Pateman v Zoning Bd. of Appeals of Vil. of Irvington* (191 AD2d 568 [1993]). The Town of Pleasant Valley enacted its zoning ordinance in 1974, while the lot in question existed as early as 1964.

Prior to 1996, this Court adhered to the principle that "where a lot has been held in single and separate ownership since a date prior to the enactment of a zoning ordinance which renders

it substandard, the owner is entitled to an area variance as of right" (*Matter of Ewers v Zoning Bd. of Appeals of Town of Brookhaven*, 165 AD2d 873, 874 [1990]; *see Matter of Petikas v O'Leary, supra*; *Matter of Pateman v Zoning Bd. of Appeals of Vil. of Irvington, supra*). The merger doctrine was recognized as an exception to the single and separate ownership doctrine, whereby adjoining substandard parcels owned by the same owner would merge by operation of law to form a standard parcel, thus negating the need for an area variance.

However, in *Matter of Khan v Zoning Bd. of Appeals of Vil. of Irvington* (87 NY2d 344 [1996]), the Court of Appeals reversed a decision of this Court that was based upon the single and separate ownership doctrine, finding that there is no common-law "single and separate ownership" exemption from minimum area requirements, and that such an exemption only applied if the municipality enacted a local law or ordinance providing for such an exemption. The parties in this case do not cite any provision of the Pleasant Valley Code which provides for a single and separate ownership exemption from zoning regulations. Pleasant Valley Code § 98-28, cited by the petitioner, states only that "[t]he lawful use of any building or land existing at the time of the enactment of this chapter may be continued." However, it is undisputed that the lots in question are vacant and unimproved, and there is no evidence in the record that they were ever occupied by any building. Therefore, the lots were not occupied by a nonconforming use (*see New York Overnight Partners v Gordon*, 88 NY2d 716 [1996]), and Pleasant Valley Code § 98-28 thus cannot provide the basis for the petitioner's claimed exemption from the minimum lot size and frontage requirements.

Further, the petitioner failed to establish that the rear lot was ever a legal residential lot. The petitioner established that the lot existed in 1964, when it was conveyed to the Baldwins. However, the petitioner failed to submit evidence as to the chain of title which would show how the lot was created. The Zoning Board found that the rear lot was not a legal residential lot in 1964, when the prior owner acquired it, since there was no access to the street, either by frontage on a public street or by easement through the adjoining lot, which has frontage on a public street. The petitioner argues that once the same owner acquired both lots, the rear lot had access to the street over the front lot. However, this argument implies that the two lots were merged into one lot.

In view of the foregoing, the Zoning Board properly concluded that the petitioner needed area variances before he could build

on either lot. With respect to those variances, Town Law § 267-b (3) requires the Zoning Board to balance the interests of the potential benefit to the petitioner against the potential detriment to the health, safety, and welfare of the neighborhood. In making that determination, the Zoning Board was required to consider whether granting the variance would change the character of the neighborhood or have a detrimental effect on neighboring properties, whether the benefit sought by the petitioner could be achieved by another method, whether the requested area variance was substantial, whether there will be a detrimental effect on the physical or environmental conditions of the neighborhood, and whether the difficulty was self-created. Here, the benefit to the petitioner is the difference between the sum of $125,000 he could receive if the lots were deemed to be merged and the sum of $175,000 he could receive if the lots were permitted to be developed separately. If he received the sum of $125,000, he would still realize a profit of approximately 100% on his investment. Hence, the monetary benefit of the variances to the petitioner was limited to the sum of $50,000, which the Zoning Board correctly determined did not outweigh the potential detriment to the health, safety, and welfare of the neighborhood if the variances were granted.

The tax map for the area, included in the record, constitutes admissible evidence that neighboring lots are in excess of 1.5 acres and have adequate street frontage. The requested area variances are substantial. Further, the difficulty was self-created, since the petitioner purchased the lots knowing that they were nonconforming. Assurances by certain officials that the petitioner could build on the lots, despite the fact that they were nonconforming, did not estop the Zoning Board from denying the variances (*see Matter of Parkview Assoc. v City of New York*, 71 NY2d 274, 282 [1988]).

Generally, a court may set aside a local zoning board's determination considering a variance application only if the zoning board acted illegally, arbitrarily, abused its discretion, or succumbed to generalized community opposition, and must sustain the determination if it has a rational basis in the record (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]; *Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]; *Matter of Mattiaccio v Zoning Bd. of Appeals of Vil. of Pleasantville*, 22 AD3d 758, 758-759). Here, the denial of the variances pursuant to Town Law § 267-b (3) has a rational basis in the record, and is not illegal, arbitrary, an abuse of discretion, or the product of generalized community opposition. Crane, J.P., Goldstein, Covello and Dickerson, JJ., concur.