■ In the Matter of WESTBURY LAUNDROMAT, INC., et al., Respondents, v DAVID MAMMINA et al., Appellants. [879 NYS2d 188]—

In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of North Hempstead dated March 5, 2008, which, following the revocation of a building permit issued to the petitioners-plaintiffs on January 18, 2007, after a hearing, denied the application of the petitioners-plaintiffs for a use variance, and action for a judgment declaring, in effect, that the petitioners-plaintiffs had a vested right to maintain a laundromat on the subject premises

as a nonconforming use, David Mammina, Donald McCarthy, Paul Aloe, Mildred Little, and Chris Murray, constituting the Board of Zoning Appeals of the Town of North Hempstead, and the Town of North Hempstead appeal from a judgment of the Supreme Court, Nassau County (Cozzens, J.), entered September 16, 2008, which, upon an order of the same court entered July 28, 2008, inter alia, in effect, granted the petition and declared that the petitioners-plaintiffs had a vested right to maintain a laundromat on the subject premises and reinstated the building permit.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is denied, the proceeding is dismissed on the merits, and it is declared that the petitioners-plaintiffs do not have a vested right to maintain a laundromat on the subject premises.

On November 13, 2006 the petitioner-plaintiff Fermin Nunez applied for a building permit to renovate the portion of his commercial building in the Town of North Hempstead in which he had operated a laundromat before a fire substantially destroyed it in December 2005. During the pendency of the application before the building department, the Town Board of the Town of North Hempstead adopted a local law, which became effective January 2, 2007, changing the zoning ordinance to prohibit laundromats in the applicable district (see Code of Town of North Hempstead § 70-195.13 [D] [hereinafter the Town Code]). On January 18, 2007 the building inspector erroneously issued a permit for the nonconforming use. In reliance on the permit, Nunez completed the renovations at substantial cost, and requested a certificate of occupancy. On October 23, 2007 the building department issued a notice of disapproval revoking the building permit on the ground that it was contrary to the Town Code. Nunez applied for a use variance, which, after a hearing, was denied by the Board of Zoning Appeals of the Town of North Hempstead (hereinafter the Zoning Board).

Nunez then commenced this hybrid proceeding/action seeking a declaration, in effect, that he had a vested right to maintain a laundromat on the subject premises, or in the alternative, challenging the Zoning Board's denial of the use variance. The Supreme Court, inter alia, in effect, declared that Nunez had a vested right to maintain the laundromat, and reinstated the building permit. We reverse.

"In New York, a vested right can be acquired when, pursuant to a legally issued permit, the landowner demonstrates a commitment to the purpose for which the permit was granted by effecting substantial changes and incurring substantial expenses

to further the development" (*Town of Orangetown v Magee,* 88 NY2d 41, 47 [1996]; *see Matter of RC Enters. v Town of Patterson,* 42 AD3d 542, 544 [2007]). Vested rights cannot be acquired in reliance upon an invalid permit (*see Matter of Natchev v Klein,* 41 NY2d 833, 834 [1977]; *Matter of GRA V, LLC v Srinivasan,* 55 AD3d 58, 61 [2008]; *Incorporated Vil. of Asharoken v Pitassy,* 119 AD2d 404, 416-417 [1986]). "[T]he mistaken or erroneous issuance of a permit does not estop a municipality from correcting errors, even where there are harsh results" (*Matter of Parkview Assoc. v City of New York,* 71 NY2d 274, 282 [1988]; *see Town of Putnam Val. v Sacramone,* 16 AD3d 669, 670 [2005]).

Here, pursuant to the applicable provisions of the Town Code, the building permit issued to Nunez was invalid. Town Code § 70-209 provides that "[n]o building which has been damaged by fire . . . shall be repaired, rebuilt or used except in conformity with the provisions" of the zoning ordinance. The use to which Nunez placed his property had been terminated by the fire in December 2005 and there was no legal nonconforming use in existence at the time of the enactment of the new ordinance (*see* Town Code § 70-208 [B]). Nunez was required to rebuild the premises in conformity with the zoning ordinance which, as of January 2, 2007, prohibited laundromats (*see* Town Code § 70-195.13 [D]; § 70-209). The building permit was, thus, invalid when issued on January 18, 2007 and vested rights could not be acquired in reliance upon it (*see Matter of Natchev v Klein,* 41 NY2d at 834; *Matter of GRA V, LLC v Srinivasan,* 55 AD3d at 61; *Incorporated Vil. of Asharoken v Pitassy,* 119 AD2d at 416-417).

Contrary to Nunez's contention, the circumstances do not warrant application of the "special facts" exception. "A court will apply the zoning ordinance currently in existence at the time a decision is rendered unless 'special facts' are present to demonstrate that the municipality acted in bad faith and unduly delayed acting upon an application while the zoning law was being changed" (*Matter of Greene v Zoning Bd. of Appeals of Town of Islip,* 25 AD3d 612, 612 [2006]; *see Matter of Pokoik v Silsdorf,* 40 NY2d 769 [1976]; *see Matter of Jul-Bet Enters., LLC v Town Bd. of Town of Riverhead,* 48 AD3d 567 [2008]). Here, the building permit was issued approximately two months after Nunez made his application, and he failed to adduce evidence that the Town acted in bad faith or unduly delayed action on his permit application until after the enactment of the new zoning law (*see Matter of Home Depot U.S.A. v Village of Rockville Ctr.,* 295 AD2d 426, 429 [2002]; *Matter of Aversano v*

*Two Family Use Bd. of Town of Babylon,* 117 AD2d 665, 667 [1986]; *cf. Matter of Mamaroneck Beach & Yacht Club, Inc. v Zoning Bd. of Appeals of Vil. of Mamaroneck,* 53 AD3d 494, 497 [2008]). Accordingly, Nunez failed to establish a vested right in the nonconforming use, and he was required to apply for a use variance.

"Generally, a court may set aside a local zoning board's determination considering a variance application only if the zoning board acted illegally, arbitrarily, abused its discretion, or succumbed to generalized community opposition, and must sustain the determination if it has a rational basis in the record" (*Matter of Ramundo v Pleasant Val. Zoning Bd. of Appeals,* 41 AD3d 855, 858 [2007]; *see Matter of Jul-Bet Enters., LLC v Town Bd. of Town of Riverhead,* 48 AD3d at 567). "To qualify for a use variance premised upon unnecessary hardship there must be a showing that (1) the property cannot yield a reasonable return if used only for permitted purposes as currently zoned, (2) the hardship resulted from unique characteristics of the property, (3) the proposed use would not alter the character of the neighborhood, and (4) the alleged hardship was not self-created" (*Matter of Miller Family Ltd. Partnership v Trotta,* 23 AD3d 389, 389-390 [2005]; *see* Town Law § 267-b [2] [b]). With regard to the first element, the applicant must establish that "no permissible use will yield a reasonable return" (*Matter of Village Bd. of Vil. of Fayetteville v Jarrold,* 53 NY2d 254, 258 [1981]) by means of "proof, in dollars and cents form, of all matters bearing upon the return available under existing zoning" (*id.* at 258 [1981]; *see Matter of Ferruggia v Zoning Bd. of Appeals of Town of Warwick,* 233 AD2d 505, 506-507 [1996]).

Here, Nunez failed to present any evidence that he would be unable to receive a reasonable return if he personally operated a conforming business or rented the premises to a conforming business, and thus, he failed to establish the first element in support of his application for a use variance (*see Matter of Ferruggia v Zoning Bd. of Appeals of Town of Warwick,* 233 AD2d 505, 506-507 [1996]; *Matter of Elichar Realty Corp. v Town of Eastchester,* 150 AD2d 444, 445 [1989]). While Nunez's expert did opine that rental of the premises would yield only a modest return and that market conditions suggested difficulties in attracting renters, a "use variance may not be granted merely because the zoning ordinance proscribes the highest and best use of the land, or because the variant use will yield a higher return than those permitted by the zoning regulations" (*Matter of Governale v Board of Appeals of Town of Brookhaven,* 121 AD2d 539, 540 [1986] [internal quotation marks omitted]; *see*

*Matter of Elwood Props. v Bohrer,* 216 AD2d 562, 563 [1995]). Accordingly, the Zoning Board's determination had a rational basis and should not have been disturbed. Mastro, J.P., Skelos, Santucci and Hall, JJ., concur.