■ In the Matter of CZESLAWA ZANIEWSKI et al., Respondents, v ZONING BOARD OF APPEALS OF TOWN OF RIVERHEAD, Appellant. [883 NYS2d 279]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Riverhead, dated April 12, 2007, which, after a hearing, denied the application of the petitioner Czeslawa Zaniewski for certain area variances, the appeal is from a judgment of the Supreme Court, Suffolk County (Pastoressa, J.), entered March 3, 2008, which, upon a decision of the same court (Burke, J.) dated December 27, 2007, granted the petition, annulled the determination, and directed the Zoning Board of Appeals of the Town of Riverhead to grant the variances.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits.

In 1981 the petitioners Czeslawa Zaniewski (hereinafter the wife) and Stanislaw Zaniewski (hereinafter the husband) purchased and took title to property located in the Town of Riverhead. Seven years later, in 1988, the petitioners applied to the Zoning Board of Appeals of the Town of Riverhead (hereinafter the Zoning Board) for area variances which would allow them to subdivide the property into two separate lots. The Zoning Board denied their application, finding, among other things, that both of the proposed lots were substandard under the applicable zoning provisions.

In 2005 the petitioners conveyed a portion of the property that was improved with a single-family residence to the husband and conveyed a smaller, unimproved portion of the property to the wife. The wife applied for a building permit on that unimproved lot, and after that application was denied, she applied to the Zoning Board for area variances, including front and rear setback reductions, side yard reductions, and minimum lot area reductions, so that she could construct a residence on the lot.

The Zoning Board denied the application, and the petitioners commenced this proceeding pursuant to CPLR article 78. The Supreme Court annulled the Zoning Board's determination and directed it to issue the requested variances. We reverse.

"Pursuant to Town Law § 267-b (3), when determining whether to grant an area variance, a zoning board of appeals must weigh the benefit of the grant to the applicant against the detriment to the health, safety and welfare of the neighborhood or community if the variance is granted" (*Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 612 [2004]). In making such a determination, the zoning board must consider "(1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby

properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created" (Town Law § 267-b [3] [b]).

The Court of Appeals has routinely noted that "local zoning boards have broad discretion in considering applications for area variances and the judicial function in reviewing such decisions is a limited one" (*Matter of Pecoraro v Board of Appeals of Town of Hempstead,* 2 NY3d at 613; *see Matter of Ifrah v Utschig,* 98 NY2d 304, 308 [2002]). "Absent arbitrariness, it is for locally selected and locally responsible officials to determine where the public interest in zoning lies" (*Matter of Cowan v Kern,* 41 NY2d 591, 599 [1977]). "The judicial responsibility is to review zoning decisions but not, absent proof of arbitrary and unreasonable action, to make them" (*id.*). Accordingly, "[c]ourts may set aside a zoning board determination only where the record reveals that the board acted illegally or arbitrarily, or abused its discretion, or that it merely succumbed to generalized community pressure" (*Matter of Pecoraro v Board of Appeals of Town of Hempstead,* 2 NY3d at 613; *see Matter of Ramundo v Pleasant Val. Zoning Bd. of Appeals,* 41 AD3d 855, 858 [2007]).

The Zoning Board properly concluded that the wife needed area variances before she could build on the unimproved portion of the property (*see* Town Code of the Town of Riverhead § 108-67 [B], [C]; *Matter of Khan v Zoning Bd. of Appeals of Vil. of Irvington,* 87 NY2d 344, 350-351 [1996]; *Matter of Mecca v Kern,* 193 AD2d 746, 747 [1993]; *cf. Matter of Ramundo v Pleasant Val. Zoning Bd. of Appeals,* 41 AD3d at 858). Moreover, "the denial of the variances pursuant to Town Law § 267-b (3) has a rational basis in the record, and is not illegal, arbitrary, an abuse of discretion, or the product of generalized community opposition" (*Matter of Ramundo v Pleasant Val. Zoning Bd. of Appeals,* 41 AD3d at 857-858; *see Matter of Pecoraro v Board of Appeals of Town of Hempstead,* 2 NY3d at 615; *Matter of Ifrah v Utschig,* 98 NY2d at 309; *Matter of Merlotto v Town of Patterson Zoning Bd. of Appeals,* 43 AD3d 926, 929 [2007]; *Matter of Rodrigues v Zoning Bd. of Appeals of Vil. of Sleepy Hollow,* 21 AD3d 1108, 1109 [2005]). Accordingly, the Supreme Court should have denied the petition and dismissed the proceeding on the merits. Fisher, J.P., Dillon, Covello and Dickerson, JJ., concur.