■ J. YUHANNA EDWARDS et al., Appellants, v IRWIN S. DAVISON et al., Respondents. [941 NYS2d 873]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the City of Mount Vernon dated December 3, 2010, which, after a hearing, granted the applications of Veronica Realty Corp. for use and area variances, the petitioners appeal from a judgment of the Supreme Court, Westchester County (Cacace, J.), entered May 20, 2011, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the proceeding is reinstated, the petition is granted, the determination is annulled, and the applications for use and area variances are denied.

" 'Generally, a court may set aside a local zoning board's determination considering a variance application only if the zoning board acted illegally, arbitrarily, abused its discretion, or succumbed to generalized community opposition, and must sustain the determination if it has a rational basis in the record' " (*Matter of Westbury Laundromat, Inc. v Mammina*, 62 AD3d 888, 891 [2009], quoting *Matter of Ramundo v Pleasant Val. Zoning Bd. of Appeals*, 41 AD3d 855, 858 [2007]). " 'To qualify for a use variance premised upon unnecessary hardship there must be a showing that (1) the property cannot yield a reasonable return if used only for permitted purposes as currently zoned, (2) the hardship resulted from unique characteristics of the property, (3) the proposed use would not alter the character of the neighborhood, and (4) the alleged hardship was not self-created' " (*Matter of Westbury Laundromat, Inc. v Mammina*, 62 AD3d at 891, quoting *Matter of Miller Family Ltd. Partnership v Trotta*, 23 AD3d 389, 389-390 [2005]; *see* General City Law § 81-b [3] [b]). With regard to the first element, the applicant must establish that "no permissible use will yield a reasonable return" (*Matter of Village Bd. of Vil. of Fayetteville v Jarrold*, 53 NY2d 254, 258 [1981]). The applicant must submit "proof, in dollars and cents form, of all matters bearing upon the return available under existing zoning" (*id.* at 257).

Here, Veronica Realty Corp. (hereinafter Veronica Realty) failed to present any evidence to the Zoning Board of Appeals of the City of Mount Vernon (hereinafter the ZBA) that Veronica Realty would be unable to realize a reasonable return if it operated a conforming business and, thus, failed to satisfy the first statutory element in support of its application for a use variance. As the record was devoid of any evidence, in dollars and cents form, of Veronica Realty's inability to realize a reasonable return under the existing permissible uses, there was no rational basis for the ZBA's finding that the premises would not yield a reasonable return in the absence of the requested use variance (*id.* at 260; *see Matter of Park Hill Residents' Assn. v Cianciulli*, 234 AD2d 464 [1996]; *Matter of Ferruggia v Zoning Bd. of Appeals of Town of Warwick*, 233 AD2d 505 [1996]).

Since the use variance should have been annulled, the area variance applicable to the proposed nonconforming use should also have been annulled as academic (*see e.g. Matter of King v Ronik*, 237 AD2d 358 [1997]).

In light of our determination, we need not reach the petitioners' remaining contention. Skelos, J.P., Eng, Belen and Cohen, JJ., concur.