■ In the Matter of DAG Laundry Corp. et al., Petitioners, v Board of Zoning Appeals of Town of North Hempstead, Respondent. [950 NYS2d 389]—Proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of North Hempstead dated May 12, 2010, which, after a hearing, denied the petitioners' application for, inter alia, a use variance and, in effect, denied, as academic, the petitioners' application for an area variance.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

Initially, we note that, as the parties contend, the Supreme Court erred in transferring the proceeding to this Court pursuant to CPLR 7804 (g) (*see Matter of Navaretta v Town of Oyster*

*Bay*, 72 AD3d 823, 824 [2010]). Nevertheless, in the interest of judicial economy, we will decide the proceeding on the merits (*see id.* at 824).

Local zoning boards have broad discretion in considering applications for variances, and their determinations will generally be set aside "only if the zoning board acted illegally, arbitrarily, abused its discretion, or succumbed to generalized community opposition" (*Matter of Ramundo v Pleasant Val. Zoning Bd. of Appeals*, 41 AD3d 855, 858 [2007]). The determinations will be sustained if they have a rational basis in the record (*see Edwards v Davison*, 94 AD3d 883 [2012]). Here, the denial of the petitioners' application for a use variance pursuant to Town Law § 267-b (2) (b) has a rational basis in the record, and is not illegal, arbitrary, an abuse of discretion, or the product of generalized community opposition (*see Matter of Westbury Laundromat, Inc. v Mammina*, 62 AD3d 888, 892 [2009]; *Matter of Ramundo v Pleasant Val. Zoning Bd. of Appeals*, 41 AD3d at 858).

In light of our determination with respect to the use variance, we need not address the petitioners' remaining contention regarding the area variance. Rivera, J.P., Hall, Lott and Cohen, JJ., concur.