■ In the Matter of DINO DEFEO, Respondent-Appellant, v ZONING BOARD OF APPEALS OF TOWN OF BEDFORD et al., Appellants-Respondents. [28 NYS3d 111]—

In a proceeding pursuant to CPLR article 78 to review a resolution of the Planning Board of the Town of Bedford dated July 16, 2012, adopting a negative declaration under the New York State Environmental Quality Review Act and a resolution of the Zoning Board of Appeals of the Town of Bedford dated December 20, 2012, which, after a hearing, granted the applications of Splash Management Group, LLC, ONAB Corp., and 570 North Bedford Road, LLC, for use and area variances

and a special permit, the Zoning Board of Appeals of the Town of Bedford and the Planning Board of the Town of Bedford appeal, and Splash Management Group, LLC, ONAB Corp., and 570 North Bedford Road, LLC, separately appeal, as limited by their respective briefs, from so much of a judgment of the Supreme Court, Westchester County (Zambelli, J.), entered October 4, 2013, as granted that branch of the petition which was to annul the resolution of the Zoning Board of Appeals of the Town of Bedford granting the use variance and annulled, as academic, the resolutions granting the area variances and special permit, and the petitioner cross-appeals from so much of the judgment as denied that branch of the petition which was to annul the resolution of the Planning Board of the Town of Bedford adopting the negative declaration.

Ordered that the judgment is affirmed, without costs or disbursements.

The address of the subject property is 562-570 North Bedford Road, and it is located on the east side of North Bedford Road, also known as Route 117, at the intersection with Valerio Court in Bedford Hills, in Westchester. Valerio Court is a private roadway ending in a cul-de-sac. ONAB Corp. (hereinafter ONAB) is the owner of one of the three lots included within the subject property, and 570 North Bedford Road, LLC (hereinafter 570 LLC), is the owner of the other two lots. The petitioner, Dino DeFeo, is the owner of 17 Valerio Court, which is near the subject property.

The majority of the subject property is commercially zoned as "RB," or roadside business; a portion of the rear of the property, however, is residentially zoned as "R-1/2A," or residential one-half acre. On or about July 23, 2010, ONAB, 570 LLC, and Splash Management Group, LLC (hereinafter collectively the Splash parties), filed a preliminary site plan with the Planning Board of the Town of Bedford (hereinafter the Planning Board). The application pertained to the Splash parties' plan to construct a "New Car Wash with Express Lube & Detail Facility." The Splash parties intended to use the R-1/2A zoned portion of the property as a driveway and parking lot. The Town of Bedford Comprehensive Plan recommends that any property located along a side street should consider connection to the side street, even if the side street is largely residential. Therefore, the entrance and exit to the carwash driveway were designed to be on Valerio Court. The subject property's existing curb cuts on Route 117 were to be eliminated.

Due to its concern about traffic flow expected to be generated by the proposed project, the Planning Board took lead agency

status for the purposes of a review pursuant to the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]). Traffic consultant reports submitted by the Splash parties and by the neighbors opposed to the project, which included the petitioner, were considered and discussed during several public meetings. The Planning Board also retained its own traffic consultant who reviewed the other consultants' traffic reports and submitted his own report. The consultants also commented on each other's reports. The Planning Board ultimately issued a negative SEQRA declaration, determining that there would be no large and important impacts and, therefore, that the project will not have a significant impact on the environment (*see* 6 NYCRR 617.7 [a] [2]).

On or about June 10, 2011, the Splash parties applied to the Town of Bedford Zoning Board of Appeals (hereinafter the ZBA) for use and area zoning variances and a special permit. Several public meetings were held before the ZBA. By resolution dated December 20, 2012, the ZBA granted the Splash parties' application. Regarding the use variance, the ZBA found that the applicants could not realize a reasonable return without the granting of the variance and that the hardship had not been self-created.

Thereafter, the petitioner commenced this CPLR article 78 proceeding to annul the Planning Board's negative declaration under SEQRA and the use and area variances and special permit granted by the ZBA.

The Supreme Court upheld the Planning Board's SEQRA determination, but the court found that the ZBA's determination granting the use variance was not supported by a rational basis in the record, so it annulled that determination. The court also annulled the ZBA's determination granting the area variances and special permit and the site plan approval by the Planning Board as academic in light of its annulment of the ZBA's determination granting the use variance. The parties appeal and cross-appeal from the portions of the court's judgment adverse to them.

"[A] determination of a zoning board should be sustained upon judicial review if it has a rational basis and is supported by substantial evidence" (*Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]). "To qualify for a use variance premised upon unnecessary hardship there must be a showing that (1) the property cannot yield a reasonable return if used only for permitted purposes as currently zoned, (2) the hardship resulted from unique characteristics of the property, (3) the proposed use would not alter the character of the neighbor-

hood, and (4) the alleged hardship was not self-created" (*Matter of Westbury Laundromat, Inc. v Mammina*, 62 AD3d 888, 891 [2009] [internal quotation marks omitted]; *see* Town Law § 267-b [2] [b]).

With regard to the first element, "[i]t is well settled that 'a landowner who seeks a use variance must demonstrate factually, by dollars and cents proof, an inability to realize a reasonable return under existing permissible uses' " (*Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach*, 287 AD2d 453, 456 [2001], quoting *Matter of Village Bd. of Vil. of Fayetteville v Jarrold*, 53 NY2d 254, 256 [1981], and *Matter of Bella Vista Apt. Co. v Bennett*, 89 NY2d 465, 469 [1997]). Here, the Splash parties submitted evidence that the residential portion of the property could not be developed for a residence, or for any of the permitted uses in the residential R-1/2A zone, due to, among other things, the topography, the fact that a septic system could not be supported, and the fact that the residential portion of the property was very narrow. The Splash parties also submitted an appraisal which stated that, if the use variance for the residential portion of the property were not granted, the development potential of the RB-zoned portion of the property would be reduced for the subject carwash project by 27%, for retail purposes by 35%, and for office space purposes by 53%. The Splash parties did not, however, submit any actual financial information, such as the original purchase price of the property, the expenses and carrying costs of the property, the present value of the property, the taxes, the amount of any mortgages or other encumbrances, the amount of income presently realized, if any, or an estimate as to what a reasonable return on the entire property or any portion should be (*see Matter of Village Bd. of Vil. of Fayetteville v Jarrold*, 53 NY2d at 256; *Matter of Crossroads Recreation v Broz*, 4 NY2d 39, 44 [1958]).

Entitlement to a use variance is not established merely by proof that the proposed use would be more profitable than a smaller scaled project not requiring a use variance (*see Matter of Crossroads Recreation v Broz*, 4 NY2d at 46). The Splash parties are entitled to a reasonable return, not the most profitable return (*see id.*; *Matter of Westbury Laundromat, Inc. v Mammina*, 62 AD3d at 891). Thus, the Supreme Court properly found that the ZBA's determination that the Splash parties established unnecessary hardship was arbitrary and capricious since it does not have a rational basis in the record (*see Matter of Hejna v Board of Appeals of Vil. of Amityville*, 105 AD3d 843, 845 [2013]; *Edwards v Davison*, 94 AD3d 883, 884 [2012];

*Matter of Park Hill Residents' Assn. v Cianciulli*, 234 AD2d 464 [1996]; *Matter of Ferruggia v Zoning Bd. of Appeals of Town of Warwick*, 233 AD2d 505, 507 [1996]; *see also Matter of Westbury Laundromat, Inc. v Mammina*, 62 AD3d at 891). Accordingly, the court properly granted that branch of the petition which was to annul the ZBA's determination granting the use variance and annulled, as academic, the determinations granting the area variances and special permit.

With respect to the negative declaration under SEQRA, "[a] court's authority to examine a SEQRA review conducted by an entity that was required to do so is limited to reviewing whether the determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion. The relevant question before the court is 'whether the agency identified the relevant areas of environmental concern, took a "hard look" at them, and made a "reasoned elaboration" of the basis for its determination' " (*Matter of Gernatt Asphalt Prods. v Town of Sardinia*, 87 NY2d 668, 688 [1996], quoting *Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 417 [1986]). Judicial review must be genuine, but the agency's substantive obligations under SEQRA must be viewed in light of a "rule of reason," and "the degree of detail with which each environmental factor must be discussed will necessarily vary and depend on the nature of the action under consideration" (*Matter of Gernatt Asphalt Prods. v Town of Sardinia*, 87 NY2d at 688 [internal quotation marks omitted]). As the Supreme Court concluded, the record here demonstrates that the Planning Board took a hard look at the issue of traffic that would be generated by the proposed project. Contrary to the petitioner's contention, the Planning Board was not required to accept the opinions of his traffic consultant over its own traffic consultant (*see Matter of Thorne v Village of Millbrook Planning Bd.*, 83 AD3d 723, 725 [2011]; *Matter of Brooklyn Bridge Park Legal Defense Fund, Inc. v New York State*, 50 AD3d 1029, 1031 [2008]; *Matter of Ball v New York State Dept. of Envtl. Conservation*, 35 AD3d 732, 733 [2006]). The petitioner's remaining contentions regarding the Planning Board's SEQRA review are without merit.

Accordingly, the Supreme Court properly denied that branch of the petition which was to annul the Planning Board's resolution adopting the negative declaration. Rivera, J.P., Balkin, Cohen and Barros, JJ., concur.